A. HERSBERGER ET AL. v. CHAS. LINDSEY ET AL.

(No. 1827, Op. Book No. 2, p. 461.)

1w667
§ 1167
63  608
2w550

APPEAL from Parker County.    Opinion by QUINAN, J.

§ 1167. *Injunction bond; suit upon; res adjudicata; damages not recoverable in such suit.* Appellants enjoined the collection of taxes due by them to the state and county. The injunction suit was dismissed without any adjudication upon the merits, or judgment against the obligors on the injunction bond. Appellee, as sheriff of Parker county, brought this suit upon the injunction bond for the use of the state and county. Appellees pleaded, *res adjudicata*, that the matter had been determined in the injunction suit. Judgment was rendered for appellee, for the use of the state and county, for the amount of taxes sued for, and for ten per cent. damages on that amount. *Held*, the simple dissolution of the injunction had the effect to permit the defendants to proceed and collect the taxes, the collection of which was thereby suspended. It left the parties precisely where they stood before it issued. [Comm'r v. Smith, 5 Tex. 486.] There was no issue submitted or tried in that case as to the recovery of the taxes. There was no trial of the case upon the merits. [Roberts v. Johnson, 48 Tex. 133.] Because the defendants in the injunction did not insist that their reconvention should be tried, and upon having a judgment for the amount of the taxes, it does not follow that they were precluded from pursuing the mode provided by law for their collection, or from maintaining a suit upon the injunction bond. The suit was brought to restrain the collection of the tax. The court decided that it would not interfere to restrain their collection, and that was all that was decided in that suit. Appellee's plea of *res adjudicata* was not sustained, and was properly overruled. But the judgment against appellants for the ten per cent. damages was erroneous. The damages given by the statute upon the dissolution of

an injunction restraining the collection of money are given when the judge shall be satisfied that the injunction was obtained for delay. It was for the judge who dissolved the injunction to determine whether he would or would not award damages for that cause, and, not having rendered judgment for them, the claim for the statutory damages is by his action in that suit finally determined. No actual damages are proven in this suit beyond the non-payment of the tax. There is no prayer for the recovery of damages, and no foundation laid for the judgment for them. The judgment was therefore reversed and rendered for the amount of taxes due only, awarding the costs of appeal against appellee.

October 29, 1881.                    Reversed and rendered.