R. W. McAlpin and Others v. William H. Burnett and Others.

Where suit was brought upon a note given for the purchase money of land for which there was a vendor's lien, but there was no allegations, or prayer, or judgment for the enforcement of the lien, after a return of no property upon the execution issued on the judgment recovered in said suit, the plaintiff brought a new suit to enforce the vendor's lien, joining as defendants the subsequent purchasers of the land, and alleging that they bought with notice; it was held that the plaintiff had not waived the lien by his failure to claim the enforcement of it in the suit on the note; and that the present suit was well brought; but there was an intimation that he might be required to pay the costs of the second suit.

Although the vendor gives an absolute conveyance, reciting the receipt of the purchase money, yet if the purchase money be not in fact paid, the vendor's lien subsists as between the vendor and vendee and all purchasers with notice that any of the purchase money is unpaid.

Appeal from Harrison. Tried below before the Hon. Charles A. Frazer.

Suit by Robert M. McAlpin and others against William H. Burnett, John E. Hamlett and Solomon R. Perry, commenced August 8th, 1856. The petition alleged a recovery by plaintiffs on the 9th of January, 1856, in the same Court, of a judgment against defendant Burnett, for $349 32, and costs of suit

Vol. XIX.                    32

$10, on a note payable to Garlington C. Dial or bearer, for
$857 50, dated January 1, 1853 ; that execution had been
issued upon said judgment, and returned no property found ;
that the said Burnett is insolvent ; that the said note was
given for the purchase money of a house and lot in the town
of Marshall, describing the property, sold by Dial to Bur-
nett ; and a copy of the deed, which was an absolute convey-
ance, and recited the receipt of the purchase money, which
was the amount of the note, was made a part of the petition ;
that plaintiffs were ignorant when they brought their suit upon
the note, that there was any vendor's lien to secure it, or that
it had been given for the purchase money of said property, and
that they only discovered the fact, when they called upon their
indorser, William R. Smith, for payment, after a return of the
execution no property ; that defendants, Hamlett and Perry,
were in possession af the house and lot, and claimed by pur-
chase from Burnett, but that they had notice before they pur-
chased, that the purchase money had not been paid by Burnett,
and that a vendor's lien was claimed for the same.

A demurrer to the petition was sustained.

*W. H. Bristow*, for appellants. In ordinary cases when the
conveyance expresses contrary to the fact, that the purchase
money is paid, then, though the estate passes at law by the
conveyance, it does not pass in equity until the actual payment
of the price, until the vendor has received that consideration
for which it appears by the deed, he contracted to part with
his estate. (2 Sug. on Vend. 331 ; 15 Ves. Jr. 329 ; Simon
& Stuart, 1 Id. 445.)

*Prima facie* the lien exists, and it lies on the purchaser to
show that the vendor agreed to waive it. There is a natural
equity that the land should stand charged with so much of the
purchase money as was not paid, and that without any special
agreement for that purpose. (Briscoe v. Bronaugh, 1 Tex. R.
326 ; Honore v. Bakewell, 6 B. Monroe, 67.)

The Common Law required a vendor to exhaust his legal remedy before equity would come to his relief ; for although the lien exists, it is presumed the vendee intends to comply with his contract and not force the vendor to the alternative of equity to obtain payment for the purchase money of his land.

*P. Murrah,* for appellees. The lien for purchase money, where no express lien is reserved in the deed, nor by mortgage, nor by merely giving a bond only for title, and especially where deeds are given expressing full payment of purchase money, and conveying the whole title, does not pass with the assignment of a note. It exists in equity by implication in favor of the vendor, but by implication in favor of no one else. (White v. Williams, 1 Paige, 506 ; 6 How. Miss. 366 ; 9 Ga. R. 91 ; 14 Ohio, 20.)

To extend the vender's lien to the assignees of notes, without limits, lays the foundation for fraud and brings upon the community all the evils intended to be avoided by the Statute of Frauds. We will not permit the most solemn verbal contract for the sale of land, to have any legal validity, and yet it is contended that secret liens, commensurate with the value of the real property, on which they exist, are to be favored by Courts of equity—liens that are to control and determine the ownership of property, or at least the controlling power over it—liens too that exist in the hands of those who know it not ; that may be in my hands to-day, in yours to-morrow, and in the hands of a stranger the next day, simply by the delivery of the note.

A multiplicity of suits is not to be tolerated here, where law and equity are blended ; where one will answer all the purposes. If the lien was an incident to the note, will it do to say that it was an incident to the judgment also ?

ROBERTS, J. The note in this case was given by Burnett

to Dial, payable to bearer ; passed through several hands, until it reached plaintiffs, the appellants, who brought suit and recovered a judgment against Burnett. The note was given for a lot of land ; and after the judgment was rendered, and[an execution was returned " no property found," appellants brought suit setting forth these facts, and also that the other defendants had purchased the lot, with notice of the existence of the lien, and that it had not been discharged ; and made them also parties to the suit and prayed for the enforcement of the vendor's lien in favor of plaintiffs. Defendants excepted to plaintiffs' petition, and the Court sustained the exceptions and dismissed the suit, from which plaintiffs appealed to this Court.

The assignment of the note did not destroy the vendor's lien. (Moore v. Raymond, 15 Texas R. 554.) The *bona fide* holder of a note payable to " bearer," and transferred to him by delivery only, can enforce the lien. (See case decided this Term.) Though the vendee sell the land to a third person, it is still liable, if his vendee had notice of the lien, either actual or constructive. (McRimmon v. Martin, 14 Tex. R. 318 ; 9 Ga. 86–91 ; Briscoe v. Bronaugh, 1 Tex. R. 326.)

The only remaining question is, Did plaintiffs waive their lien by not asking for it in the suit in which the judgment was obtained ? The case of Johnson v. The Adm'r of Murphy, decided at Tyler, 1856, 17 Tex. R. 216, determined that where a note and mortgage had been sued on and a judgment obtained on the note only, and there was nothing in the record to show that the mortgage had not been adjudicated at the same time, a second action could not be maintained to enforce the mortgage. That case, therefore, is not in point. At Common Law it was not usual to apply to a Court of equity to enforce the lien until a judgment at law was recovered on the note. Our Courts having both equitable and legal jurisdiction in the same, it would certainly be competent for the party to embrace both remedies in the first suit ; and this we think is the more

proper course to pursue. But in the absence of authorities, we are not prepared to hold that the lien does not subsist, as long at any rate as the note is not barred, although judgment has been recovered on the note alone. The equities of the parties in relation to the costs of the second suit need not be now determined. Judgment reversed and cause remanded.

Reversed and remanded.