GEORGE W. ROBERTS, ADM'R, *v.* E. R. JOHNSON.

1. RES ADJUDICATA.—VENDOR'S LIEN.—Suit was brought on three promissory notes, executed in payment for land, for the amount due, and asking the foreclosure of the lien. On the trial, the judge, in the charge, submitted to the jury both branches of the case; and the jury found for plaintiff the amount due on the notes. Judgment was rendered for that amount, and costs. Execution was issued. Plaintiff brought a second suit to enforce the lien, alleging, and on the trial offering to prove, that no testimony was offered on the former trial on the subject of the lien. The defendant pleaded the former judgment: *Held,* That the former judgment was conclusive.

2. SAME.—If the entire record (pleadings, verdict, charge, and judgment) shows that an issue properly made in the cause was, by the court, submitted to the jury, and there is nothing in the record to show the contrary, the issue must be held to have been adjudicated.

APPEAL from Henderson. Tried below before the Hon. M. H. Bonner.

The case is fully stated in the opinion.

*T. J. Word*, for appellant.—It is respectfully submitted, that the obtaining of a judgment on the notes, without attempting to enforce the vendor's lien, does not preclude the plaintiff from bringing suit on the judgment, and enforcing the vendor's lien. (2 Maddock's Chancery, 128.) The paragraph reads thus:

"When a vendor conveys his estate, without receiving all or part of the consideration-money, he has, as against the vendee and his heir, and all persons claiming as volunteers or purchasers for a valuable consideration, with notice, a lien upon the estate, for the whole or such part of the purchase-money as was not paid; and this though the consideration-money, upon the face of the instrument, is expressed to be paid and receipt indorsed. Nor does the bankruptcy of the vendee, nor a judgment obtained against him by the vendor for the purchase-money, affect the lien of the vendor."

*Greenwood & Gooch*, for appellees, cited Tadlock *v.* Eccles, 20 Tex., 782; Weathered *v.* Mays, 4 Tex., 387; Lee *v.* Kingsbury, 13 Tex., 68; Webb *v.* Mallard, 27 Tex., 80; Baxter *v.* Dear, 24 Tex., 17; Hatch *v.* Garza, 22 Tex., 177.

GOULD, ASSOCIATE JUSTICE.—The petition in this case alleged, that Allison sold and conveyed to defendant Johnson certain lands, in payment for which Johnson gave three promissory notes, secured by a vendor's lien on the land conveyed, and the object of the suit was the enforcement of that lien. The petition discloses that a former suit had been brought on those notes, and judgment recovered for the amount thereof; that execution issued thereon had been returned "no property found," and that Johnson was wholly insolvent.

The answer alleged, that, under the pleadings and the charge of the court in the former suit, the issue as to the vendor's lien claimed had been tried and finally adjudicated against the plaintiff. To this the plaintiff replied, that on the

former trial no evidence was offered to show that the notes were given for the land.

The cause was submitted to the court, no jury having been demanded, and judgment was rendered in favor of defendant,—the record reciting that it was so rendered on the plea of former adjudication.

The petition in the former suit was in evidence, and was in the ordinary form of a petition seeking judgment on the notes, and also the enforcement of the vendor's lien. The charge of the court on that trial was also read in evidence, and was as follows: "If the plaintiff has introduced and read to you in evidence the three notes mentioned and described in his petition, you will find for him the amount or principal of the note or notes so read to you in evidence, with interest thereon at the rate specified therein; and if no rate specified, then at eight per cent. from the maturity of the same to this date. And if the plaintiff has also proven to your satisfaction that the said notes were given for the purchase-money of the land mentioned and described in the petition, you will add to your verdict, that the notes were given for the purchase-money of the land mentioned and described in the petition." The verdict was: "We, the jury, find for the plaintiff the sum of $1,645.42, principal and interest;" and the judgment was in the ordinary form of a judgment for money and all costs of suit, being silent as to the vendor's lien. It was proved that the only evidence introduced by plaintiff on that trial were the three notes sued on,—all of date August 9, 1870; but none of them containing any recitals showing, or tending to show, that they were given in payment for land. The plaintiff's attorney testified that he was on that trial unable to introduce any evidence to show that the notes were given for the land. On the trial of the present cause, however, he read a certified copy, from the county records, of the deed from Allison to Johnson, which recites, as its consideration, three notes, corresponding to the three notes sued on.

We are of the opinion that the court did not err in holding that the issue as to the vendor's lien had been adjudicated in the former suit.

In Johnson *v*. Murphy, 17 Tex., 216, there was a second suit in case of a note secured by mortgage; the result of the first suit, in which also the mortgage had been set up and its enforcement prayed for, being a verdict and judgment similar to those described above, it was held, that a plea setting up the former judgment as an adjudication on the question of the mortgage lien, was not bad on demurrer, and that, *prima facie*, the record showed an adjudication on the merits of the mortgage lien. The present case is much stronger, in that the record contains the charge of the court submitting to the jury the issue as to the lien. Under our statutes, the charge of the court, reduced to writing and signed by the presiding judge, constitutes a part of the record. (Paschal's Dig., arts. 216, 1464.) Here, then, is record evidence that an issue made by the pleadings was never withdrawn from the jury, but was, in fact, submitted to them to be passed upon. The presumption which arises from this state of the record, is too strong to allow of its being rebutted by showing that no evidence was introduced on that issue.

It is said in 2 Smith's Leading Cases, page 669, and there are certainly numerous authorities which support the proposition, that "when the cause of action is severable in its nature, or when several causes of action are set forth in the declaration, although it will be presumed that the judgment includes the whole, this presumption may be rebutted by clear evidence that it extends only to part." (Seddon *v*. Tutop, 6 D. & E., 607; Thorpe *v*. Cooper, 15 Eng. C. L., 387.)

In speaking of this exception to the conclusiveness of judgments, Justice Lipscomb states it thus: "Where the first suit was brought for two distinct articles, a party, for sufficient reason, may discontinue as to one, and may afterwards sue in another action for the article not tried in the former suit."

And adds: "It is believed, however, that this exception should be allowed with great caution." (17 Tex., *supra.*) There are other decisions of this court tending to support the conclusiveness of judgments as to issues made by the pleadings. (Fisk *v.* Miller, 20 Tex., 581; Tadlock *v.* Eccles, 20 Tex., 791.) Certainly, unless the causes of action are either distinct or separable, a judgment is not the less conclusive, because of the failure of either party to produce evidence. " Otherwise," says Justice Wheeler, " a party might avoid being concluded, in any case, by withholding his evidence." (Fisk *v.* Miller, *supra.*) It is by no means clear that the note and the lien are so far separable causes of action as to come within the exception. It is true, that the holder of a note given for land does not waive his lien by obtaining judgment in a suit on the notes alone, but may maintain a second suit for the enforcement of the lien. (McAlpin *v.* Burnett, 19 Tex., 500.) It was said in that case, and is certainly true, that the more proper course to pursue, is to embrace both remedies in the first suit; and this is followed by an intima-. tion that a failure to take that course might give rise to a question as to the costs of the second suit.

Where the plaintiff's declaration embraces distinct causes of action, it would seem, that by proving that he introduced no evidence as to some of them, he was supposed to establish that, although the record failed to show the fact, he in truth did abandon those issues, and that they were not submitted to the jury to be passed upon. Hence, if he offered any evidence on those issues, he was precluded from showing that the issues were not considered by the jury in making up their verdict. (Stafford *v.* Clark, 2 Bing., (9 E. C. L., 437,) 377; Brockway *v.* Kinney, 2 Johns., 210.) The note and lien are so closely connected, that it is difficult to see how they can be separated in the evidence, so that it can be said that no evidence was introduced as to the lien, and that therefore that part of the claim was abandoned.

But however this may be, it is believed that the exception

grows out of the uncertainty of the record, and that where, looking to the whole record, there is no uncertainty, parol evidence to affect it should not be allowed. However numerous the issues presented by the pleadings, if the verdict plainly responds to every issue, and is followed by a corresponding judgment, there can be no question as to the finality of the adjudication, although, in fact, the plaintiff adduced no evidence as to some of those issues. So if the entire record (the pleadings, verdict, judgment, and charge) shows that an issue properly made in the cause was by the court submitted to the jury, and there is nothing in the record to show the contrary, it is our opinion that the issue must be held to have been adjudicated.

The judgment is affirmed.

.AFFIRMED.