Opinion by
Hurt, J.
§ 520. Evidence; testimony of a deceased witness admissible, when. J. S. Smith shipped four bales of cotton over appellant’s road, consigned to McAlpine, Baldrige & Co. Two of the bales were destroyed by fire after they had been received by appellant, but before they had been loaded on its cars. Appellant then shipped the other two bales to its freight agent, Waldo. Smith sued appellant for the value of the two bales burned, and recovered judgment therefor. Smith died, and appellee, as the administrator of his estate, brought this suit to recover the value of the other two bales, charging that the same had been converted by appellant. In the first suit, Smith testified as a witness in his own behalf. In this suit, upon the trial, the testimony of Smith given on the trial of the former suit was reproduced over the objections of appellant. Held: Smith being dead, and the parties to the two suits being the same, his testimony having been given under oath, and appellant having had the opportunity of cross-examining him, it was admissible evidence in this suit. [1 Greenl. Ev. §§ 163, 164.]
§ 521. Bes adjudicaba. In this suit appellant pleaded the judgment obtained against it in the former suit, in bar, claiming that the matters involved in this suit were res adjudicata. Held: Where the claims constitute a single cause of action, though arising on different transactions or at different periods, as, for instance, a running account, or successive instalments of rent actually accrued, a judgment for part bars a new action for the rest; but if they are such that, although they might have been joined, they must have been separately stated, as separate causes of action, even though they arose at the same time, or on the same contract, a judgment on one does not bar a new action on the other, unless by estab *468 lishing some matter fatal to both. The applicability of the plea of res adjudicata depends upon the identity of the cause of action or matters of defense in issue, and not the identity or similarity of the grounds or points urged to support or maintain the action or matters of defense. [W. & W. Con. Rep. § 807; Abbott’s Trial Ev. 827, note 3.] In this case, when the two bales of cotton were burned, Smith had a cause of action against appellant for the value of the same. Two months after these two bales were burned, appellant shipped the other two bales to its agent, instead of to Smith’s agent. This was a conversion by appellant, constituting a distinct cause of action against it. While these distinct causes of action may have been joined, it was not absolutely required that they should be. It was not error to overrule appellant’s plea of res adjudicata.
January 17, 1885.
§ 522. Costs of several suits which should have been joined; statute not applicable, when. As, at the time Smith brought the first suit, his right of action had accrued for all the cotton, appellant moved to tax the cost of this suit against appellee, citing, in support of his motion, McAlpin v. Burnett, 19 Tex. 497, and R. S. art. 1427. This motion was refused. Held: McAlpin v. Burnett does not support the proposition, nor does the case come within article 1427, Revised Statutes, because the law did not require that Smith’s causes of action should have been joined. The motion was properly overruled.
Affirmed.