William R. Johnson v. William B. Lockhart, Administrator.

Delivered April 8, 1897.

**1. Vendor's Lien—Superior Title—Limitation.**

The superior title remains in the vendor who reserves a vendor's lien in the deed of conveyance; and the purchaser can not defeat recovery of the land by the vendor under any of the pleas of limitation, if any part of the purchase money is still due, although the vendor's right to recover the money is barred, unless the purchaser has repudiated the title acquired from the vendor, and put the latter upon notice that he is holding and claiming adversely.

**2. Evidence—Transactions With Decedent.**

In an action by an administrator, the testimony of the adverse party that the note of the intestate has not been paid is within the inhibition against evidence of transactions with a decedent. Williams, J., not concurring.

Appeal from Galveston. Tried below before Hon. William H. Stewart.

*S. S. Hanscom,* for appellant.

*Mott & Armstrong,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant in due course of trade purchased, before maturity, a negotiable note executed by one A. Bernard, the appellee's intestate, on the 18th of May, 1883, for $400, with 8 per cent interest thereon from date, and payable 12 months after date, and which note was in part payment of the tract of land which is the subject of controversy between the parties to this suit.

The land was sold to the said Bernard in 1883, and upon his paying $1500 in cash and executing this note and a deed of trust upon the land, the vendor, Susan A. Dirmeyer, joined by her husband, executed a deed of conveyance to the land, expressly reserving therein the vendor's lien. The note was transferred by Mrs. Dirmeyer to one Le Clere, and by him assigned to Johnson a short time before its maturity. Bernard remained in actual possession of the property, using and enjoying the same, making improvements thereon, and paying the taxes, until his death, which occurred in October, 1894.

The appellee, as administrator of the estate of Bernard, filed, in November, 1894, an inventory of his estate, which contained the land in controversy. In due time the appellant presented, duly verified, a claim against the estate, to the appellee, for allowance—the basis of the claim being the above described note—and the administrator rejected the claim, and instituted suit against Johnson for the purpose of having the same canceled, alleging that the same had been paid, and the note in the hands of Johnson, with vendor's lien reserved in the deed of conveyance, together with the deed of trust on the land, both of which were duly recorded, constituted a cloud upon the title to the land, and the plaintiff prayed a cancellation of the note and of the vendor's lien.

The defendant Johnson answered by general demurrer and special exceptions and general denial; and also averred specially that the note was unpaid, and was given in part of the purchase money, and set up title to the land by purchase of the note, and by deed of conveyance to him for the land in controversy, from Mrs. Dirmeyer, and prayed for recovery of the land. The plaintiff, by replication, pleaded limitations of two, four, and ten years, and also the statutes of three, five, and ten years in bar of the claim to the land, and also pleaded laches, and further alleged that more than ninety days elapsed between the rejection of defendant's claim for payment of the note before he filed his answer in reconvention.

The case was tried without a jury, and the court rendered judgment for the plaintiff, canceling the note and lien, and removing cloud from the title; from which judgment the defendant Johnson has appealed to this court, and the appellee has filed cross-assignments of error, upon which he prays the judgment of this court.

The appellant Johnson presents several assignments of error, which, substantially, succinctly stated, are: That the court having found as facts that the note given by Bernard was in part payment of the land in controversy, and that the same was unpaid, and that Johnson was the legal and equitable holder thereof, and that the deed from Mrs. Dirmeyer to Bernard expressly retained the vendor's lien upon the land, and that Johnson had acquired by purchase Mrs. Dirmeyer's title to the land, since his purchase of the note, the court erred in sustaining the plaintiff's pleas of limitations and laches, and rendering judgment for plaintiff, and in not rendering judgment for defendant for the land.

It has been settled for many years, we think—whether wisely or not it is not wise to question at this date—by several decisions of the Supreme Court of this State, that when land is sold and the vendor expressly reserves in the deed of conveyance the vendor's lien, the sale is an executory sale, and until all of the purchase money is paid the better title remains in the vendor, and when the vendee enters into possession of the property under the deed of conveyance, he can not defeat the recovery of the land by the vendor under any of the pleas of limitation when any part of the purchase money is still due, although the vendor's right to recover the money be barred, unless the vendee has repudiated the title acquired from the vendor, and put the latter upon notice that the vendee was holding and claiming the land adversely to him. Baker v. Ramey, 27 Texas, 53; Peters v. Clements, 46 Texas, 114; Roosevelt v. Davis, 49 Texas, 463; Smith v. Lee, 82 Texas, 124; White v. Cole, 87 Texas, 500; Abernethy v. Bass, 9 Texas Civ. App., 239.

We are of the opinion, therefore, that, if it be a fact, as the court found it so to be, that the note executed by Bernard is still unpaid, the appellee, under his pleadings, could not have the land decreed to him, but judgment should have been rendered for the defendant that he recover possesion of the same.

We will not discuss the counter-propositions submitted by appellee, but will proceed to the consideration of his cross-assignments. The first and second of these assignments, we think, are not well taken, and there was no error in excluding the testimony of either the witness Sonnenthiel or the witness Young. But we think the third and fourth assignments are well taken, and that the testimony of Easton should have been excluded; and also the recorded judgment rendered in the suit of Vatter & Blanc v. G. H. Dirmeyer; and the constable's deed to Joseph Franklin, the purchaser thereof at execution sale, for the land in controversy, made by the constable under and by virtue of said judgment, should have been excluded, upon the objections made thereto by appellee.

The fifth cross-assignment can not be sustained. The note of the appellee's intestate, given in part payment of the land sued for by appellant, was pertinent evidence for him, and there was no error in admitting it in evidence over appellee's objection. The seventh cross-assignment we will not discuss, as the case must be remanded.

The sixth cross-assignment must be sustained. We are of opinion that the testimony of the defendant Johnson that the Bernard note had not been paid was not admissible in evidence; and that the objection made by the plaintiff to its admission should have been sustained. Article 2248, of the Revised Statutes, provides that: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered against them as such, neither party shall testify against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party."

In construing statutory law, and determining whether or not the law in question is applicable to a given state of facts, we are not limited to the very letter of the statute, but we are to consider also its spirit; and its language will be given an expanded or contracted signification, as the object and purpose of the law may require. Since the change in the common law, whereby parties to a suit are no longer prohibited from testifying in their own behalf, by reason of their interest in the result of the litigation, statutes similar and of like purpose to the one we are now considering have been generally adopted by the States of the Union, and all having for their object to place the parties upon equal footing as to the privilege of testifying; and the interpretation given them uniformly, so far as we are advised, is that the prohibition named embraces all testimony by a party to the suit upon any subject matter which was equally within the knowledge of the witness and the deceased. Our own statute seems to be, to a great extent at least, copied from that adopted by the State of New York; and in that State, in a suit by an administrator, the defendant could not testify that a conversation between himself and the deceased, to which a witness for the plaintiff had testified, never occurred. Pinney v. Orth, 88 N. Y., 447. See, also, a decision to like effect by the Supreme Court of Michigan, 66 N. W. Rep., 45. In the case of McCampbell v. Henderson, 50 Texas, 601, our own Supreme Court construes our statute in accordance with the above recited decisions.

For the errors indicated, upon assignments made by the appellant and appellee, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

WILLIAMS, ASSOCIATE JUSTICE.—I am not prepared, at present, to agree to the proposition in the opinion that the witness Johnson was not competent to testify to the fact that the note had not been paid to him.