## George H. Hermann v. L. W. Allen.

### No. 2043.   Decided May 18, 1910.

**1.—Judgment—Appeal.**

The judgment of the Court of Civil Appeals setting aside that of a trial court and substituting its own as the final disposition of the entire cause has the same effect as if it had been rendered by the lower court at the end of the trial and no appeal had been taken. (P. 384).

**2.—Res Adjudicata.**

The necessary legal effect of a final judgment is to determine finally a cause of action set up in the pleadings and pending for decision in the courts when that judgment is pronounced, unless the court exclude it from the scope of its action; and this whether the judgment result from actual decision or oversight of the court. That which is adjudged, is the decision of the court that it is all the parties are entitled to. (P. 385.)

**3.—Same.**

When, although the cause of action is not the same in the second as in the first suit, it is claimed that a party to the second is estopped upon a question common to both which was decided in the first, it is sometimes important to inquire whether or not the particular question was tried and decided in the courts in which the judgment was rendered, but such inquiry is out of place where the cause of action is the same in the two suits and a final judgment on the merits has been rendered on the first. (P. 385.)

**4.—Same—Failure to Introduce Evidence.**

One who has filed a plea in reconvention may withdraw or discontinue it before trial and thereafter bring his independent action for damages sustained; but he can not submit his cause for decision upon pleadings raising such an issue, and afterwards be heard to say that it was not involved in a final judgment, merely because he introduced no evidence to sustain it and no mention was made of it. The absence of evidence constitutes the best of reasons for denying it, and the failure to sustain it is a denial of it. (P 385.)

**5.—Same.**

A judgment is to be taken as disposing of all the issues pending for decision under the pleadings in the cause, unless the court exclude some of them from the effect of the adjudication. Where defendant in a suit for injunction pleaded in reconvention a claim for damages caused by its wrongful issuance and service, and, the injunction being there made perpetual, obtained, upon appeal, judgment reversing this and decreeing the plaintiffs take nothing by their action, but making no mention of his plea in reconvention for damages, this was a final judgment precluding him from recovery in a subsequent action of damages sustained by him from the injunction up to the time of the first trial. (P. 386.)

**6.—Injunction—Damages.**

One who, by an injunction at suit of the owner of land, had been wrongfully restrained from moving or interfering with a building thereon, which he claimed to own, was not entitled to recover as damages the rental value of expensive tools or apparatus placed by him under such house for the purpose of removing it, and constituting the support of the building. His removal of the machinery and substitution of a less costly support would not have been an interference with the building in the sense of such writ of injunction. (Pp. 386, 387.)

Error to the Court of Civil Appeals for the First District in an appeal from Harris County.

Allen sued Hermann for damages and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*Geo. H. Breaker,* for plaintiff in error.—Plaintiff's claim for damages accruing before November 11, 1905, the date of the final judgment in cause No. 36,598, Houston Ice and Brewing Company et al. v. Allen, was res adjudicata. Nichols v. Dibrell, 61 Texas, 541; Henderson v. Terry, 62 Texas, 284; Brown v. Renfro, 63 Texas, 602; Freeman v. McAninch, 87 Texas, 139; Moore v. Snowball, 98 Texas, 24 and 25.

The court erred in charging the jury as follows: "You will then

say what was the fair rental value, if any, of the tools and appliances that were put under the house for the purpose of moving it, and which were left there when the injunction was issued preventing plaintiff from moving the house, taking into consideration how long they stayed under the house as the result of said writ of injunction, and how many there were, and how long each article or kind of implement stayed, how long all stayed, and how long some stayed."

*Fisher, Sears & Campbell,* for defendant in error.—The court did not err in refusing to peremptorially instruct the jury that the final judgment in cause No. 36598, Houston Ice & Brewing Co. et al. v. L. W. Allen, was res adjudicata as to his claim for damages accruing prior to November 11, 1905. Watkins v. Junker, 4 Texas Civ. App., 631; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 18, bottom paragraph; 23 Cyc., p. 1130-G; Horton v. Hamilton, 20 Texas, 610; Teal v. Terrell, 48 Texas, 508; Linberg v. Finks, 7 Texas Civ. App., 397; Phillipowski v. Spencer, 63 Texas, 607; Pishaway v. Runnels, 71 Texas, 353; Converse v. Davis, 90 Texas, 466; 23 Cyc., 1106 (XIII A, 1), 1311-2 (C, 1 & 2), 1311 (XIV, C, 6).

Mr. Justice Williams delivered the opinion of the court.

This is an action by Allen to recover damages for the wrongful suing out and service upon him of a writ of injunction in a former action against him and another by Hermann and another, restraining him from removing a house which belonged to him but was situated on land belonging to Hermann.

One of the questions before us arises upon Hermann's plea of res judicata based on the judgment in the former case. In that action Allen pleaded in reconvention his right to the house, the wrongfulness of the injunction and damages suffered by him from the service of it upon him. That cause was tried in the District Court on its merits, with such plea before the court, and judgment was rendered in favor of the plaintiff therein perpetuating the injunction. We shall assume that the statement of the Court of Civil Appeals, that no evidence was offered to show the damages sustained by Allen, is correct, although it is questioned by plaintiff in error.

Upon Allen's appeal from that judgment the Court of Civil Appeals reversed it, and, proceeding to render such judgment as the trial court should have rendered, adjudged that the injunction be dissolved, that the plaintiffs take nothing by their action and that defendants recover all costs of suit. Nothing was said in either judgment of the plea in reconvention for damages.

In the present case the District Court and the Court of Civil Appeals overruled the contention of plaintiff in error that the claim for damages was adjudicated by the former judgment.

The former judgment of the Court of Civil Appeals is the one upon which the question must depend, since that court set aside the judgment of the trial court and substituted its own as the final disposition of the entire cause. It is of the same effect as if it had been rendered by the District Court at the end of the trial and no appeal had been taken. Necessarily, being the final judgment, it

disposed finally of all the issues pending in the cause, when it was rendered, determining all the rights of the parties in issue therein and becoming the measure of the relief to which they were entitled.

The pleadings certainly put in issue (1) the right of the defendants therein to move the house, and (2) the right of Allen to recover damages caused by Hermann's interference with that right. The judgment determined the first in his favor, saying nothing about the second. This was necessarily an adjudication that that which was given was all that he had shown himself to be entitled to. The necessary legal effect of the failure to award damages for which a claim was pending in the pleadings was a denial of the right to them. This does not mean that it appears the court actually made a decision upon the plea in reconvention. The record does not show whether that was done or not. The proposition is that the necessary legal effect of a final judgment is to determine finally a cause of action set up in the pleadings and pending for decision in the cause when that judgment is pronounced, unless, indeed, the court exclude it from the scope of its action; and this whether the judgment result from actual decision or oversight of the court. That which is adjudged, is the decision of the court that it is all the parties are entitled to. In determining the effect of a judgment it sometimes is important to inquire whether or not a particular question or issue was tried and decided in the cause in which the judgment was rendered. That is true when, although the cause of action is not the same in the second as that decided in the first action, it is claimed that a party to the second is estopped upon a question common to both which was decided in the first. Nichols v. Dibrell, 61 Texas, 541; Hanrick v. Gurley, 93 Texas, 480, and authorities cited. Such an inquiry is out of place where the cause of action is the same in the two causes and a final judgment on the merits has been rendered in the first.

Of course we do not hold that a defendant is bound to plead in reconvention his damages in such an action, or that, having done so, he must prosecute his plea to final judgment. We may fully concede his right entirely to withhold such a claim and to await the termination of the cause, or, if he has filed a plea in reconvention, to withdraw, or discontinue it before trial, and, in either case, after the termination of that litigation, to bring his independent action for damages sustained. But we can not concede that he can go to trial and submit his cause for decision upon pleadings raising such an issue, and afterwards be heard to say that it was not involved in the final judgment, merely because he introduced no evidence to sustain it and no mention was made of it. The absence of evidence constitutes the best of reasons for denying it and the failure to sustain it is a denial of it.

In the case of Flippen v. Dixon, 83 Texas, 421, a writ of sequestration was sued out and levied and the defendant claimed in reconvention the damages caused thereby. At the trial he adduced evidence in support of his claim but the judge made no reference to it in submitting the cause to the jury on special issues. Judgment was

rendered in the defendant's favor, which said nothing of his claim for damages, and another suit was then brought by him to recover them. This court held that he was precluded by the judgment. It will be seen that the only fact which could be urged to distinguish that case from this is that Dixon adduced evidence to support his claim which Allen did not. That a mere failure to adduce evidence of a claim put in issue by pleading can not be urged to limit the effect of the judgment, if authority were needed for so plain a proposition, is settled by the decisions of this court. Fisk v. Miller, 20 Texas, 582; Roberts v. Johnson, 48 Texas, 137.

The difference between a judgment in a case like this, where a right or claim is pleaded and in issue when a judgment is rendered and one in which, though existing, it is not set up and is separable from the cause of action which is pleaded, is illustrated by the decisions in Roberts v. Johnson, supra; Flippen v. Dixon, supra, and Johnson v. Murphy, supra, of the first class, and McAlpin v. Burnett, 19 Texas, 500; Ball v. Hill, 48 Texas, 634; Waldron v. Zacharie, 54 Texas, 504; Kempner v. Comer, 73 Texas, 201, of the second class. The reason for this difference is that a judgment is logically to be taken as disposing of all the issues pending for decision under the pleadings in the cause, unless the court exclude some of them from the effect of the adjudication, an exception made by other decisions. Converse v. Davis, 90 Texas, 462; Groesbeck v. Crow, 91 Texas, 74; Teal v. Terrell, 48 Texas, 508; Williams v. Wiley, 96 Texas, 152.

The trial court, therefore, erred in this case in refusing to instruct that the former judgment precluded a recovery by plaintiff herein of any damages which accrued prior to the time of its rendition. The judgment of the Court of Civil Appeals was pronounced upon the record of the trial court and of necessity the effect of its adjudication of the present question is the same as if the trial court had rendered it. It follows that damages which accrued after the end of the trial in the District Court may still be recovered.

Many other questions are raised by the application, all of which that may likely arise in another trial were correctly decided by the Court of Civil Appeals, except one. That one the court declined to consider because it was not properly presented. As our judgment will remand the cause, we think the question should be decided without regard to the manner of its presentation. The charge of the trial court allowed the recovery of the value of the use of certain tools or apparatus for moving houses which plaintiff had put under the building in moving it before the injunction was issued. The writ restrained the parties from removing or in any way interfering with the building. We think that no reasonable construction of it required the plaintiff to leave his tools under the building. The removal of them when the building may have been supported by them, would have been interfering with it in a sense, but plainly not in the sense of the writ, the manifest purpose of which was to stay the efforts to remove. It may be true also that the taking away of the tools or apparatus supporting the building might have necessitated the substitution of something else in their stead, but this ought not to entitle the plaintiff, as a measure of his damage, to recover the value

of the proper use of such appliances, alleged to be so costly, when applied to the use for which they are designed, when the use he chose to make of them was only as a support for the house. That attributes to the injunction a consequence which did not legally or reasonably flow from it.

*Reversed and remanded.*