STOCKWELL v. MELBERN. (No. 6750.)

(Court of Civil Appeals of Texas. Galveston. May 26, 1914. On Motion for Rehearing, June 18, 1914.)

EXECUTION (§ 7*)—FINAL JUDGMENT—SUFFICIENCY—ISSUES—DETERMINATION.

In a prior suit by complainant, defendant filed a cross-bill to recover $850 actual damages growing out of a contract to purchase certain land; to cancel a contract; and a duebill given by defendant, and to recover $10,000 exemplary damages, together with a vendee's lien on the land as security for the $850, part of the price previously paid. Defendant recovered a judgment on his cross-action for the $850, canceling the contract and duebill, adjudging costs against complainant, and foreclosing a lien on the land and ordering it sold under execution. *Held*, that such judgment, though not expressly disposing of the issue of exemplary damages, did so impliedly against defendant, and that the judgment, though informal, was a final judgment, and sufficient to sustain an execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 7–15, 17–20; Dec. Dig. § 7.*]

Appeal from District Court, Brazoria County; Sam'l J. Styles, Judge.

Suit by Elmer P. Stockwell against Charles W. Melbern. From an order denying complainant's application for a temporary injunction, he appeals. Affirmed.

Elmer P. Stockwell, of Angleton, pro se. W. J. Johnson and Edward S. Boyles, both of Houston, for appellee.

McMEANS, J. This is an appeal from an order of Hon. Samuel J. Styles, judge of the district court of Brazoria county, refusing to grant a temporary injunction restraining the appellee, Charles W. Melbern, from enforcing a judgment theretofore rendered in his favor in said court against the appellant, Elmer P. Stockwell.

It appears that Stockwell, at a date not shown, had brought a suit in the district of Brazoria county against Charles W. Melbern and J. J. West, the character of which is not specifically stated. Melbern in that suit filed a cross-bill against both the plaintiff Stockwell and his codefendant West, in which he sought to recover $850 actual damages, being the amount he had theretofore paid Stockwell on a contract of purchase of certain land which Stockwell claimed to own, and to cancel the contract of sale of said land theretofore entered into between Melbern and West of the one part and Stockwell of the other part, and to cancel a duebill for $150 given by Melbern and West to Stockwell in part payment for the land, and for $10,000 exemplary damages, and, claiming a vendee's lien on the land as security for the $850 theretofore paid by him to Stockwell as purchase money, sought a foreclosure of the lien. The case was tried before a jury, and upon the coming in of the verdict judgment was duly rendered that Stockwell take nothing by his suit against Melbern and West, and judgment was rendered in favor of Melbern on his cross-action against Stockwell and West: (1) For $850, with 6 per cent. per annum interest from September 26, 1912; (2) canceling the contract between Stockwell and West and Melbern for the purchase of the lands; (3) canceling the duebill for $150 executed by Melbern and West to Stockwell; (4) adjudging all costs against Stockwell; and (5) foreclosing a lien in favor of Melbern as against Stockwell on certain land, and ordering its sale as under execution.

The injunction was sought upon the theory and contention of appellant that the judgment was not final because it failed to dispose of that part of defendant Melbern's cross-action which prayed for the recovery of exemplary damages against West, and would not therefore support execution. We are of the opinion that the judgment was a final judgment, and that the court did not err in refusing to grant the injunction. Whatever may have been the rule, as stated in the early decisions of our courts, the rule now enforced in this state seems to be that all the issues properly presented by the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

pleadings will be presumed to have been disposed of by the judgment unless it appears otherwise from the face of the judgment itself. Swan v. Price, 162 S. W. 994. The judgment rendered determined several matters put in issue by Melbern's cross-bill in his favor, against both Stockwell and West, saying nothing about his claim for exemplary damages. This was necessarily an adjudication that that which was given was all that he had shown himself entitled to. The necessary legal effect of the failure to award exemplary damages, for which a claim was pending in the pleadings, was a denial of the right to them. Hermann v. Allen, 103 Tex. 385, 128 S. W. 115. As stated by our Supreme Court in Trammell v. Rosen, 157 S. W. 1161, quoting from Freeman on Judgments, § 279, and note 1:

"There is no doubt that if a set-off is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, become res adjudicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there was an express finding against it."

The judgment, although irregular and imperfect in form, is final and sufficient, we think, to support execution. The order and judgment refusing to grant the temporary injunction prayed for is therefore affirmed.

Affirmed.

#### On Motion for Rehearing.

In our opinion filed May 26, 1914, we say: " * * * Judgment was rendered in favor of Melbern on his cross-action against Stockwell and West for $850. * * * "

Appellant in his motion for a rehearing has called our attention to the fact that judgment for said sum was rendered against Stockwell alone, and we accordingly now so state. This, however, does not affect our conclusion as to the proper disposition of the appeal.

We have carefully examined appellant's motion for a rehearing, and are of the opinion that it sould be overruled; and it has been so ordered.

Overruled.