## McFARLANE et al. v. GRIFFIN.
### No. 13126.

Court of Civil Appeals of Texas. Fort Worth.
March 8, 1935.

Rehearing Denied April 5, 1935.

Taylor, Muse & Taylor, of Wichita Falls, for appellants.

Fred T. Arnold, of Graham, for appellee.

LATTIMORE, Justice.

The defendant pleaded res adjudicata, and the court, although a jury had been demanded and the venire was present in court, forced the parties over the objection of plaintiffs, appellants here, to go to trial on the issue of res adjudicata alone and without a jury, and at the conclusion of the evidence on this issue the learned trial judge rendered judgment that plaintiffs take nothing.

Res adjudicata is not a dilatory plea, but is defensive to the merits, and, not being provable by the plaintiffs' petition or evidence, was available to the defendant only by evidence produced by the latter after plaintiffs had rested.

The error is substantial, for we are not able to agree that the record supports the decree as a matter of law. This is a suit in the district court against appellee for the conversion of 3,851 cedar posts while situated at Crawford's filling station, upon which posts appellant claims a mortgage given by one Couger. Said suit was filed in 1931. At the time there was pending a suit, No. 8732, by Couger against appellee for the price of certain cedar posts delivered by him at various points in Young county. Couger was represented by appellants, who are attorneys, and it is contended by appellee that said appellants as attorneys insisted in that other suit that appellee was liable to Couger for all the posts here involved and thereby led a judge and jury to believe that said posts belonged to Couger free of any lien, and obtained for Couger a judgment against appellee in 1933 in that suit upon such representations. This defense is more properly one of estoppel [Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Smith v. Chipley, 118 Tex. 415, 16 S.W.(2d) 269; 26 Tex. Jur. 34], for it is plain that the identity required for a literal application of the doctrine of res adjudicata is lacking. However, we are not here pursuing an inquiry into nomenclature.

The evidence consisted wholly of the pleadings and judgment in the other cause, No. 8732, and this one, No. 9061, and a bill of sale given in 1929 by Couger to Griffin on certain cedar posts, some of them at Crawford's filling station. Couger's last-amended petition in cause No. 8732 did not identify any of the posts therein involved as being or having been at Crawford's filling station, but did allege that he and appellee had been engaged in an enterprise by which he cut and delivered posts to appellee for use or sale, and his supplemental petition in cause No. 8732, filed just before the trial that finally determined that case, pleads that he executed a bill of sale in August, 1929, to Griffin on certain number of posts delivered and to be delivered at Crawford's filling station to secure his account until settlement and to enable defendant (Dr. Griffin) to sell same if "opportunity offered"; that their post transactions were terminated on September 2, 1929; that thereafter in attempting to obtain a settlement of their dealings, Couger learned that Dr. Griffin was largely indebted to him; that thereupon he mortgaged said posts at Crawford's filling station to appel-

lants "and he (Couger) had and has had no further interest in them."

We cannot say just what that pleading means as to whether those posts, mortgaged to appellants, entered into Couger's calculations that Dr. Griffin was "largely indebted to him"; nor whether his lack of "further interest" in them was because he held Griffin liable to him for their value or because he counted the mortgage to Dr. Griffin satisfied and the mortgage to appellants such as to withdraw them from his claim against Dr. Griffin.

It will take testimony to establish what evidence was produced before the jury as to whether these identical posts claimed in cause No. 9061 to have been converted were in fact a part of the evidence upon which appellants, as attorneys for Couger, obtained a judgment for him in cause No. 8732. It does not appear conclusively in the pleadings or judgment. Tompkins v. Hooker (Tex. Civ. App.) 200 S. W. 193; Bray v. First Nat. Bank (Tex. Civ. App.) 10 S.W.(2d) 235; Hermann v. Allen, 103 Tex. 382, 128 S. W. 115; Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357.

The judgment of the trial court is reversed, and the cause is remanded.