FREDERICK JOHNSON v. THOMAS MURPHY'S ADM'RS.

Where the plaintiff sued on a note and to foreclose a mortgage on a negro boy, given to secure the note, and there was judgment on the note merely, but no order of foreclosure or sale, and the plaintiff afterwards sued to foreclose the mortgage, to which the defendant pleaded the former judgment, it was held that the plea was not bad on demurrer.

See this case as to discontinuance of one or more of several causes of action.

Where the plaintiff sues to recover an amount due and to foreclose a mortgage given to secure the same, and judgment is rendered to the effect that the plaintiff have and recover, &c., but there is no order of sale or judgment of foreclosure of the mortgage, a *bona fide* purchaser of the property, subsequent to such judgment, would take the same exempt from the mortgage.

It would seem that in order to sustain a suit on a judgment of the District Court, if the objection be taken, it must appear that the judgment, by reason of failure to issue executions, or for other cause, is not in condition to be enforced without such suit.

Appeal from Harrison.   Tried below before the Hon. Wm. W. Morris.

*W. H. Bristow*, for appellant.

*C. M. Adams*, for appellees.

LIPSCOMB, J.   The material facts to be collected from the record in this case are, that the present appellees had brought suit against one Murphy and the Harveys, upon a note of hand given to them as administrators of Thomas Murphy, in which suit they allege that the note was given as the purchase money of a negro boy sold by them to Walter M. Murphy.   They set out in their petition, that for the purpose of securing the payment of the sum mentioned in the note sued on, Walter M. Murphy had made and executed a mortgage on the said boy, and they pray for a judgment for the amount of the note and

interest, and pray that the lien on the negro, secured by mortgage, be enforced. They had a verdict and judgment for the amount of the note, interest and costs, and an award of execution for the same, but no judgment or decree to enforce the lien. Near two years after their judgment, and after the sale of the boy by Walter M. Murphy to the appellant Johnson, this suit is brought against the parties defendants to the first suit, and against Johnson, to foreclose the mortgage and for the sale of the boy, to satisfy the note so first sued on. In their petition, no reference is made to their failure to procure an order of sale of the boy mortgaged, they refer to the judgment only, and aver that it is still in force and not satisfied.

The defendant Johnson answered ; set up the former suit in which there was no notice taken in the judgment, of the mortgage, and no order of sale to enforce the lien ; and alleged that it it was *res judicata*. He alleges that be became a purchaser for a valuable consideration, of the said boy, after the rendition of the judgment. He avers that the defendants to the first suit are the heirs of the estate of plaintiff's intestate, and entitled to distribution, and prays that whatever sums or assetts the plaintiffs may have in their hands, to which the defendants in the first suit may be entitled, should be applied to the payment of the judgment.

To the answer of Johnson, the plaintiffs in the Court below filed a general exception, which was sustained by the Court ; and verdict and judgment against the other defendants, for the unpaid balance on the first judgment, and a decree for the sale of the boy mortgaged, from which Johnson appealed, and assigns for error the sustaining of the general exception to his answers above stated.

The appellant's first defence set up in his answer was, that the matter sued for in this suit is identically the same that was sued for in the former suit, and it is certain that the mortgage lien was put in litigation in the former suit, and, for aught appearing, was adjudicated. The question of *res adju-*

*dicata* was discussed very fully by this Court, in the case of Foster v. Wells, (4 Tex. R. 101,) and the American cases pretty generally examined; and we have no doubt that the judgment of a Court of competent jurisdiction, is a bar to any suit for the same subject matter put in litigation in the former suit, and the presumption is that every matter that could have been adjudicated in the former suit was before it, and is concluded by the judgment; and this presumption is much stronger when the pleadings in the former suit show that it was presented in the suit for adjudication. We are aware that this rule is subject to some exceptions which were recognized by us in Foster v. Wells, and is fully sustained by the case of Estell v. Taul, 2 Yerger, 467, 470, and Hull v. Blake, 13 Massachusetts, pp. 153, 155. And under the exception, where the first suit was brought for two distinct articles, a party, for sufficient reason, may discontinue as to one, and may afterwards sue in another action for the article not tried in the former suit. It is, however, believed that this exception should be allowed with great caution, because the practice of allowing a party to split up the grounds or items of his demand, and bring different suits, when all might have been included in one, is not to be tolerated; as a multiplicity of suits where one would equally suffice for the ends of justice, is abhorred. This rule is carried so far, that when an action has been brought at Common Law for the debt, and a suit at the same time in Chancery to enforce a mortgage lien for the payment of the debt, the Court of law, in most instances, by a rule of its own, will not permit the action to proceed until the plaintiff has made his election to dismiss his suit in Chancery, on the ground that the latter Court is able to fully satisfy, by its decree, the rights of the plaintiff. We need not discuss further the exceptions to the rule of *res adjudicata*, because, in this case, the record of the former suit shows that the mortgage was directly put in litigation in that suit, and does not show that the suit for that object had been discontinued; and,

Johnson v. Murphy.

*prima facie*, it was adjudicated on its merits. The plea, therefore, of the appellant was not subject to the demurrer, but should have been replied to.

Again, the record and judgment of the former suit, when connected with the fact that near two years were permitted to elapse before the commencement of this suit, did naturally raise the presumption that the lien by mortgage had either been adjudged against the plaintiffs in that suit, or had been waived, the plaintiff being content with the judgment, without the additional security of the mortgage. The allegation, therefore, of the appellant, that he had so regarded it, and that he was an innocent purchaser, ought not to have been demurred out of Court, but should have been replied to.

The appellant further alleged in his defence, that the mortgagor and his co-makers of the promissory note, for which the mortgage was given as an additional security, were the heirs and distributees of the plaintiff's intestate, and that the assetts in the hands of the administrators, plaintiffs in the suit, should be applied by them to the payment of the mortgage debt. Occupying the position of purchaser for a full consideration, of the boy mortgaged, he certainly had grounds in equity to have the assetts in their hands, going to the makers of the note, so applied ; and his application that they should be so applied, was not demurrable, but ought to have been replied to by the plaintiffs below.

The demurrer of the plaintiffs below admits all of these defences to be true ; and if so, they amount to a full defence to the suit for the enforcement of the lien so far as the appellant is concerned.

There is another ground on which a question might be raised, whether the plaintiff's petition in this suit was not obnoxious to the demurrer, in not showing sufficient grounds for bringing the suit on the former judgment, as they allege it to be in full force ; and it not appearing that it has lost any of its energy from failure to issue execution. But we forbear

discussing this.question, as it is not necessary from the view we have taken, to the disposition of the case.  We believe the Court below erred·in sustaining the demurrer of the plaintiffs below ; ·and the judgment is therefore reversed and the cause remanded.

Reversed and remanded. .