### W. H. FLIPPEN ET AL. v. J. M. DIXON.

#### No. 3126.

**Res Adjudicata.**—Under writ of sequestration Dixon and his family were wrongfully ejected from their home. In the sequestration suit Dixon, in reconvention, sought damages, actual and exemplary, for the wrongful proceedings under the sequestration. Testimony was introduced to the details of the transaction. The trial judge submitted special issues to the jury, omitting any reference to Dixon's reconvention for damages. Under the findings of the jury judgment was rendered in favor of Dixon. Subsequently he instituted suit against the plaintiff in the sequestration suit and the sureties on his bond for damages. The defense of former judgment was pleaded. The testimony on the trial was substantially as had been given on the trial in the sequestration suit. *Held:*

1. The issue as to damages having been properly raised in the plea in reconvention and in the testimony upon the trial, the matter was adjudicated in the sequestration suit.

2. That it was not submitted to the jury with other special issues did not affect the question whether adjudicated or not. It may have been erroneous, but relief should have been sought by motion for new trial, appeal, etc.

3. The judgment in the sequestration suit was a bar to the second suit.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.
The opinion states the case.

*A. T. Watts* and *Word & Reeves,* for appellants.—Where an issue is made by the pleadings, and evidence is advanced upon the trial in support of it and a final judgment is rendered in the cause as between the parties and their privies, they are concluded on that issue by the judgment. Nichols v. Dibrell, 61 Texas, 541; Chapman v. Smith, 16 How. (U. S.), 114.

*Coombes & Gano,* for appellee.—1. Res adjudicata is a defense in bar at the present day, and oral testimony as between the parties is allowed to explain the judgment (even where it is a court of record) and to identify what was or what was not adjudicated. Foster v. Wells, 4 Texas, 105.

2. A judgment and verdict where they are certain can not operate as a bar unless it appear from the verdict and judgment themselves that the precise question being raised was passed upon and determined. Russell v. Place, 94 U. S., 214; Packet Co. v. Sides, 24 How., 652; Same Case, 5 Wall., 554; Wood v. Jackson, 22 Am. Dec., 620; Eastman v. Cooper, 15 Pick., 279; Trucker v. Rhorback, 13 Mich., 75.

3. Where the verdict and judgment are uncertain, it must appear by clear and positive extrinsic evidence that the question was not only raised but was passed upon and determined by the verdict and judgment. The mere fact that the matter was before the court by pleading and evidence is of no consequence.

HOBBY, PRESIDING JUDGE, *Section A.*—J. M. Dixon, the appellee, sued Paul Gluckman, W. H. Flippen, and Alfred Davis, in the District Court of Dallas County, on December 20, 1886, to recover actual and exemplary damages for the wrongful and malicious issuance of a writ of sequestration, under which appellee's homestead was alleged to have been seized, and the furniture and household effects of his family and himself removed, and he caused much inconvenience and suffering thereby. He recovered a judgment for $1000 actual damages against all of the defendants, and $6000 exemplary damages against Gluckman alone. Flippen and Davis were sureties on Gluckman's sequestration bond, and they only have appealed from the judgment for $1000 actual damages.

The defense relied on in this suit is, that the writ of sequestration, for the alleged wrongful issuance of which damages are sought, was issued in cause No. 5361, in the District Court of Dallas County, styled Paul Gluckman v. J. M. Dixon; that appellee Dixon, who was defendant therein, by plea in reconvention sought to recover the same actual and exemplary damages sued for here, and that this claim for damages was decided and adjudicated in that proceeding.

The proof in the case under consideration, in the order adduced on the trial, consisted of the testimony of the appellee, his wife, and another witness, each of whom recited in detail the circumstances un-

der which the property (a house and lot and improvements in the city of Dallas) was seized by virtue of the writ, and the removal of appellee's furniture, etc., into the street, and the damage and inconvenience resulting therefrom. These facts were testified to by these witnesses on the trial of the cause No. 5361, a record of the proceedings in which was also introduced in evidence by the appellants. That suit was brought by Gluckman against Dixon in January, 1885, in the District Court of Dallas County, for the recovery of the property, and as stated, the writ of sequestration issued. Gluckman's title or right to the property originated in a purchase thereof at a sale under a trust deed.

It is disclosed by the answer of appellee Dixon in that cause, that the property belonged to his wife, who had executed the trust deed to secure a certain indebtedness mentioned, and that Gluckman became the purchaser at the sale, which was alleged to have been fraudulently made; setting forth in detail the grounds of the fraud, and asking that it be set aside, etc. He pleaded, as stated, in reconvention actual and exemplary damages for the wrongful and malicious levy of the writ of sequestration.

The court submitted to the jury special issues, directing them to find whether the sale at which Gluckman became the purchaser should be set aside; what was the value of the property; what was the amount of Gluckman's bid; what was its rental value while in his possession; and what was the amount of taxes paid and improvements made by him on the property.

The findings were, that the sale should be set aside, that $6000 was the value of the property, $1275 was bid at the trust sale, and $1083 its rental value, and $260 was the amount paid in taxes on the property by Gluckman.

The judgment vested the title to the property in Dixon on the payment by him to Gluckman of $740 within a specified time.

This being the state of the proof in this case, the court instructed the jury that the proceedings in the former cause No. 5361 show, that the issue relating to damages for the wrongful and malicious levy of the writ of sequestration was not adjudicated therein, and this was followed by the instruction to find against the defendant's plea of res adjudicata. After stating the measure of damages, the charge informed the jury that the legal effect of the judgment in the former cause was, that "the writ of sequestration was wrongfully issued." These instructions appear to be contradictory, and were calculated to confuse.

The charge first referred to was erroneous. If the effect of the former proceedings was to show that the writ was wrongfully issued, it is difficult to understand why the issue of damages for its wrongful levy, the issue raised by the plea in reconvention, was not adjudicated in some form. Gluckman's title to the property was invalid and was vacated by the court, and Dixon's recovery was upon the theory that the

property belonged to him. Such being the case, no grounds existed authorizing the levy of the writ of sequestration. That the facts existed which sustained appellee's plea in reconvention is shown by the further fact, that the same testimony relied on in this case to support the judgment for damages was before the court and jury in the former cause to sustain said plea. Special issues, it is true, were submitted in that cause to the jury, and it does not appear that this was included among them.

But this would plainly indicate that this issue was excluded by the court from the jury's consideration. This would be an adjudication of it by the court, which would be as conclusive upon the appellee as if it had been decided by the jury and was expressed in their verdict or the judgment. The fact that it should not have been excluded from the jury would not make it the less binding or effective as an adjudication after it had been so excluded. The court might have committed an error injurious to appellee in so doing. If so, the remedy was manifest, and it should have been corrected by motion for new trial, appeal, or other proper means. We think it appears from the record in the cause No. 5361 that the plea in reconvention was adjudicated therein, and that the petition in this cause; raises the same issue and that therefore the plaintiff is precluded from a recovery for damages for the alleged wrongful and malicious levy of the writ of sequestration.

We conclude that the judgment should be reversed and rendered for appellants.

*Reversed and rendered.*