## WREN v. STANTON MERCANTILE CO.

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1911. Rehearing Denied Nov. 22, 1911.)

CORPORATIONS (§ 651*)—FOREIGN CORPORATIONS—BUSINESS WITHIN STATE—LIQUIDATION—INJUNCTION.

A corn harvester had been shipped to plaintiff in 1906 by a harvester company which was a foreign corporation, and was sold to defendant in October, 1907. Defendant executed notes to the harvester company therefor, which were taken by plaintiff, and on which it sued. On September 4, 1907, the permit of the harvester company to do business within the state was canceled, and an injunction granted, which provided, however, that it did not enjoin the company of disposing of any of its property within the state or removing it therefrom, or liquidating its business and collecting its debts and other assets. *Held*, that the harvester being a part of the assets of the company, it was authorized to sell the same, and that the cancellation of its permit was no defense to the notes.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 651.*]

Appeal from Martin County Court; Bailey Anderson, Judge.

Action by the Stanton Mercantile Company against G. A. Wren. Judgment for plaintiff, and defendant appeals. Affirmed.

Caldwell & Whitaker, for appellant. John B. Howard, for appellee.

FLY, J. This is a suit for a balance due on promissory notes given for a corn harvester purchased by appellant from appellee. It originated in the justice's court, where judgment was rendered against appellant, and on appeal to the county court the same action was taken. Appellant owes the money, and seeks to evade payment on the ground that the permit of the International Harvester Company, to whom the notes were given, was on September 4, 1907, canceled by the state and a perpetual injunction against the International Harvester Company that the injunction should not be construed "as prohibiting defendant from the liquidation of its business and the collection of its debts and other assets in this state." The notes are dated August 10, 1907, but appellant swore that he bought the harvester from appellee in the latter part of October, 1907, and that the notes were dated back of the judgment to avoid its effects. The harvester had been shipped to appellee in 1906, under a contract it had with the harvester company, and appellee acquired the notes from the harvester company. Appellee had received other goods from the harvester company in 1906, with the harvester, and they were kept until they were sold.

The harvester having been consigned to appellee long before the judgment of ouster was obtained, it is clear that the judgment authorized the sale of the property then in Texas. The sale of the property was part of the liquidation of the business of the harvester company, and the notes taken in such liquidation could, by direct authority of the judgment, be collected. That it was contemplated that property on hand in Texas should be disposed of by sale or otherwise is evidenced by the dissolution of the temporary injunction in words as follows: "It is further ordered, adjudged, and decreed that the injunction heretofore issued in this cause against the International Harvester Company of America enjoining it from disposing of any of its property within this state, or removing any of its property therefrom, be and the same is hereby in all things dissolved." The sale of the harvester was authorized by the judgment, appellant bought it and has not paid for it, and he will be compelled by the courts to do so.

There was no merit in his plea in reconvention. He bought the corn harvester, used it in the fall, then left it in the field exposed to the weather, and had abandoned it. Appellee took possession of and sold it, and credited the purchase money on the notes. Fair value was obtained for the harvester.

The judgment is affirmed.