### MIXON et al. v. WALLIS et al.

(Court of Civil Appeals of Texas. El Paso. Feb. 1, 1912. Motion for Rehearing Dismissed March 21, 1912.)

APPEAL AND ERROR (§ 79*)—JUDGMENT APPEALABLE—FINAL JUDGMENTS.

In trespass to try title, intervener claimed to own the land as against plaintiff, and all of defendants except B., under the 10-year limitation, and prayed judgment against such parties for title and possession, and, in case his plea of limitations as to the entire tract was not sustained, that he be allowed to re-

cover 160 acres. The judgment provided that B. and intervener should recover six acres from plaintiff, and that plaintiff recover from intervener, B., and all of the other defendants the title and possession of all of the land in controversy, except such six acres, and recited that, after plaintiff introduced his evidence of title, all of defendants and intervener admitted in open court that plaintiff had the best title and withdrew their defenses except that defendant B. and intervener claimed 160 acres under their plea of limitations, and thereupon the issues as to that tract were submitted. *Held* that, while the judgment disposed of the issues raised between intervener and plaintiff, it did not dispose of the issue between him and defendants, so that it was not final so as to be appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Lockhart H. Wallis against Mrs. C. Bonin and others, in which Ira Mixon intervenes. From a judgment in part for plaintiff and in part for intervener and two defendants, intervener and such defendants appeal. Appeal dismissed.

F. F. & E. T. Chew, of Houston, for appellants. Baker, Botts, Parker & Garwood, Hardy & Roberts, Kennerly & Warnken, H. N. & Norman Atkinson, and Gibson & Fenn, all of Houston, for appellees.

HIGGINS, J. [1] Wallis filed suit in the district court of Harris county in trespass to try title against Mrs. C. Bonin and her husband, T. R. Bonin, Masterson Irrigation Company, Geo. D. Childress, H. Yoakum, H. J. Miller, William G. Richbourg, Mrs. William G. Richbourg, K. C. Barkley, J. F. McQueen, Thomas B. Mitchell, R. B. Cheshire, administrator, H. Masterson, Ingham S. Roberts, D. H. Hardy, the firm of Hardy & Roberts, W. L. Thompson, and William Metzler to recover the Andrew Lawson one-third league of land. Thereafter Ira Mixon intervened in the suit, complaining of the plaintiff and all of the defendants except Mrs. C. Bonin and her husband, T. R. Bonin, claiming to be the owner of the land in controversy, relying upon the 10 years' statute of limitation which he specially pleaded in support of his title, and he prayed judgment against all of said parties for the title and possession of said land, and further prayed that, in the event his plea of limitation as to the entire tract of land be not sustained, he be allowed to recover 160 acres thereof, including his improvements, to be surveyed off for him under the direction of the court. The intervener Mixon and Mrs. Bonin were the heirs of C. Mixon, deceased; Mrs. Bonin subsequent to the decease of C. Mixon having married her codefendant, T. R. Bonin. Mrs. Bonin was the surviving wife of C. Mixon, and the intervener was the son of C. Mixon and Mrs. Bonin. Bonin and wife pleaded not guilty, the 10 years' statute of limitation, and prayed the court, in the event her title by

limitation to the entire tract was not sustained, that 160 acres, including her improvements, be surveyed under the direction of the court and set aside to her. It will be noted that by the pleading of the intervener he was claiming title as against the plaintiff in the suit and all of the defendants except Mr. and Mrs. Bonin; the interest of these last two defendants being identical with his. The case was tried before a jury and submitted upon the following special issues:

"Question 1. Do you find, or do you not, that C. Mixon had 'peaceable' and 'adverse' possession of any part of the Andrew Lawson one-third of a league, cultivating, using, or enjoying the same for 10 years continuously before the date of the filing of this suit, which was on the 14th day of January, 1910?" To which the jury answered, "We find he did."

"Question 2. If you answer the foregoing question in the affirmative, you will then answer the following question: How many acres do you find that he so had in possession inclosed, cultivating, using, and enjoying the same?" To which the jury answered: "We find he had five or six acres."

"Question 3. Do you find, or do you not find, that Mixon recognized the right of Lopez to the barn and the lot or inclosure around it and held the same from the time Lopez left until the time of his [Mixon's] death, under the permission given him by Lopez or by Converse who was the agent for Richards, the owner, and that Mixon recognized the right of Lopez or Richards to the barn, which was a part of the land?" to which the jury answered: "We find he did not."

Upon the foregoing findings of the jury, and upon motion of Wallis, the court rendered judgment as follows: First, that the Bonins and the intervener Mixon recover of and from plaintiff Wallis six acres out of the land in controversy, upon which their improvements were situate, which was to be surveyed off and partitioned to them; second, that plaintiff Wallis, save and except said six acres, do have and recover of and from the intervener, the Bonins, and all of the other defendants the title and possession of all of the land in controversy. The judgment further provided that plaintiff might have writ of possession for all of said land, except said six acres, at any time after 60 days from date of the judgment, and it was further provided that the intervener, the Bonins, and all of the defendants should recover their costs of the plaintiff Wallis. From this judgment the Bonins and the intervener Mixon have appealed.

From what has been said it will be noted that the pleadings of the intervener raised an issue between himself and the plaintiff in the suit and also against all of the defendants in the suit except the Bonins, and it

will be noted that, while the judgment disposes of the issue thus raised between intervener and the plaintiff, yet it does not dispose of the issue of title as against the defendants. For that reason we are of the opinion that the judgment is not final in its nature so as to authorize this appeal. Mignon v. Brinson, 74 Tex. 18, 11 S. W. 903; Railway Co. v. Scott, 78 Tex. 361, 14 S. W. 791; Liliensterne v. Lewis (Sup.) 12 S. W. 750; Frank v. Tatum, 20 S. W. 869; Texarkana v. Rodgers, 26 S. W. 447. Appellant insists that the case was tried upon the theory that there was no issue between intervener and the defendants in the case, but it clearly appears from the pleadings that there is an issue raised, and we cannot speculate upon what theory the case was tried. But whatever theory the parties may have tried the case upon cannot affect the issue thus directly raised by the pleading, nor can it dispense with the necessity of disposing of this issue by the judgment rendered in the case, or its formal elimination in some manner.

It seems from argument of counsel for appellants that there were two chains of title to the Andrew Lawson grant. Plaintiff claimed under one Andrew Lassen; the defendants (except Bonin and wife) under parties who claimed to be the heirs of Andrew Lawson. Intervener and the Bonins relied upon the 10-year statute of limitation. There was thus, in fact, necessarily an issue between the intervener and the defendants. It may be that, if the record had otherwise affirmatively disclosed in some manner the elimination of the issue between intervener and defendants, the judgment would be considered final. As to this we express no opinion. Appellants rely upon a recitation in the judgment as showing the elimination of this issue. The recitation relied upon reads as follows: "This cause coming on to be heard on this the 14th day of January, 1911, came the parties, plaintiff, defendants, and intervener, in person and by counsel, and announced ready for trial. And thereupon came a jury of good and lawful men, to wit, A. Sonnen and 11 others, who were duly impaneled and sworn to try said cause. And, after the plaintiff had introduced his evidence of title, all the defendants and intervener, by counsel, in open court admitted that plaintiff had the best title to the land hereinafter described, and withdrew their defenses thereto, save that defendants T. R. Bonin and his wife, Mrs. C. Bonin, formerly Mrs. C. Mixon, and Ira Mixon, intervener, claimed 160 acres of the land in controversy under their plea of limitation of 10 years. And thereupon, after hearing the evidence and argument of counsel, the issues as to said 160 acres were by the court submitted to the jury on the following special issues." It is contended that this recitation shows that the parties eliminated this issue, but we do not so regard it. It is simply an admission that all of the parties admitted that Wallis had best title and was entitled to recover, except Mixon and the Bonins, who claimed that they were entitled to 160 acres by limitation. As to this 160 acres, the intervener claimed title as shown by his pleadings against the plaintiff and all the defendants, except the Bonins, and the admission of the defendants in favor of the plaintiff did not in any wise eliminate the issue between them and Mixon. So far as Mixon was concerned, he made no admission as to the 160 acres, which, according to his pleadings, he was claiming against all parties except the Bonins.

We do not regard the cases of Hermann v. Allen, 103 Tex. 384, 128 S. W. 115, and Flippen v. Dixon, 83 Tex. 423, 18 S. W. 803, 29 Am. St. Rep. 653, as being in point upon the question. In Hermann v. Allen the pleadings of the parties put in issue two rights claimed by the defendant, and the judgment rendered determined one in his favor, saying nothing about the other, and it was held that this judgment was necessarily an adjudication that that which was given was all that he had shown himself to be entitled to, and that the necessary legal effect of the failure to award the damages, which was the other right asserted, was in effect a denial of the right to them. So in the instant case the judgment of the court awarding the intervener and the Bonins 6 acres of the land as against the plaintiff was necessarily an adjudication that he was not entitled to recover as against the plaintiff the balance of the 160 acres claimed by him, and such would have been the legal effect of the judgment had it not, as it did, expressly decreed to the plaintiff all the rest of the land, but it in no wise affects or determines the issue between the intervener and the defendants. The case of Flippen v. Dixon, supra, merely enunciates the same principle decided in Hermann v. Allen. At a former day of this term this cause was reversed and remanded, and, upon consideration of motions for rehearing, we had occasion to more closely examine than had been previously done the pleadings and judgment entered in the trial court, and upon this subsequent examination the question of whether or not the judgment was final suggested itself to the court; thereupon counsel in the cause were invited to file written argument upon this question, together with such authorities as they deemed applicable, and counsel for appellants availed themselves of this invitation and have filed a written argument herein. After due consideration thereof, we have reached the conclusion indicated above, that the 'judgment is not final, and that the appeal must be dismissed, and we therefore conclude, further, that the opinion reversing and remanding the cause upon its merits, which we rendered originally, should be withdrawn, and it is so ordered. It is further ordered that

the order of this court heretofore made reversing and remanding this cause be, and the same is, hereby set aside, and the appeal is here now dismissed.