## O'BRIEN v. VON LIENEN.

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1912. Motion for Rehearing, April 13, 1912.)

1. APPEAL AND ERROR (§ 80*) — DECISIONS REVIEWABLE—FINAL JUDGMENT — FAILURE TO DISPOSE OF ISSUES.

A judgment which does not dispose of the issues raised by the pleadings is not final, and is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Motion for Rehearing.

2. APPEAL AND ERROR (§ 80*) — DECISIONS REVIEWABLE—FINAL JUDGMENT — DISPOSITION OF ISSUES.

Where a buyer suing to recover an advance payment for cattle bought, and for damages from the seller's failure to furnish the cattle contracted for, alleged fraud by the seller as to the condition of the cattle at the time of sale, and the seller denied the fraud, pleaded a tender of performance, and a breach by the buyer in failing to accept the cattle, and alleged that the advance payment was due as liquidated damages for the buyer's breach, and averred a decline in the market value of

the cattle between the date on which the buyer breached the contract and that on which the seller was able to sell, and sought a recovery of the damages sustained in case it was found that the advance payment had not been paid as liquidated damages, a judguent for the buyer for the advance payment rendered on a verdict on instructions submitting the right to recover the partial payment, but not submitting the right to recover damages claimed by either party, was final and appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

3. SALES (§ 440*) — REMEDIES OF BUYER — CONTRACTS—BREACH—ACTIONS—EVIDENCE.

Where in an action by a buyer of cattle to recover an advance payment, and for damages resulting from the seller's misrepresentation as to the condition of the cattle, there was evidence that cattle to be shipped for stockers and feeders were less valuable if diseased than if not diseased, the admission of testimony of the buyer that he had bought the cattle for shipment to the market as stockers and feeders, was not erroneous as against the objection that the pleadings did not warrant its admission.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

4. WITNESSES (§ 392*) — IMPEACHMENT — PROOF OF CONTRADICTORY STATEMENTS.

A witness testifying that cattle represented by the seller to be sound were afflicted with scabbies on the day of the tender of delivery to the buyer may be impeached by proof that the witness had executed and delivered a certificate that the cattle were free from disease on the day of the tender.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1249–1251, 1257; Dec. Dig. § 392.*]

5. SALES (§ 440*) — REMEDIES OF BUYER — BREACH OF CONTRACT—ACTION—EVIDENCE— ADMISSIBILITY.

Where, in an action for damages for a seller's failure to deliver sound cattle as contracted for, the evidence showed that a disease, alleged by the buyer to have afflicted the cattle at the time of the tender of delivery, would make its appearance on cattle within less than two months after exposure, the testimony as to the diseased condition of the cattle some two or three months after the tender of delivery was inadmissible to show the condition of the cattle at the time of the tender.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

6. SALES (§ 440*) — REMEDIES OF BUYER — BREACH OF CONTRACT—ACTION—EVIDENCE— ADMISSIBILITY.

The testimony of a shipper of other cattle which had run with the cattle in controversy that he had inspected such other cattle, and that they were free from disease, and were passed as clean, was properly excluded, because not throwing any light on the actual condition of the cattle at the time of sale or tender.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

7. EVIDENCE (§ 317*)—HEARSAY EVIDENCE.

The testimony of the seller of cattle that on the day he tendered them to the buyer he and the buyer went to the depot, and that the depot agent told them that the cattle had been examined by the cattle inspector, and were found to be clean, and that the agent would allow them to be shipped, was hearsay and inadmissible, in so far as it tended to show what the agent had done and said.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

8. APPEAL AND ERROR (§ 738*) — ASSIGNMENTS OF ERROR.

Where part of the testimony of a witness testifying by deposition is admissible and part inadmissible, an assignment complaining of the exclusion of all of the testimony will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3033; Dec. Dig. § 738.*]

9. EVIDENCE (§ 537*)—OPINION EVIDENCE— COMPETENCY OF WITNESS.

One who has been buying and selling cattle for about nine years, who has had considerable experience in observing and inspecting cattle afflicted with scabbies, and who believes that he can tell by inspection whether cattle are so afflicted, and who states that he saw cattle in controversy while in pens on a specified day, is competent to give his opinion as to whether the cattle were on that day free from such disease.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2345; Dec. Dig. § 537.*]

10. TRIAL (§ 203*)—ISSUES—INSTRUCTIONS.

Where the trial court did not in its instructions submit an issue raised by the pleadings and evidence, it was error to refuse a special charge submitting such issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

11. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

In an action by a buyer of cattle for the recovery of the advance payment made, and for damages caused by the seller's fraudulent representations as to the condition of the cattle at the time of sale, an instruction that, if the buyer inspected the cattle and purchased them on his own judgment, the verdict must be for defendant, was properly refused, because eliminating the issue of whether the buyer relied on the seller's representations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

12. SALES (§ 38*)—VALIDITY—MISREPRESENTATIONS.

Where a breach of contract by a seller of cattle is relied on, and the buyer shows that the seller merely expressed an opinion as to the character of the cattle, the buyer may not recover, unless he alleges and proves that the seller knowingly and willfully misrepresented his opinion.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65–77, 85; Dec. Dig. § 38.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by Henry Von Lienen against G. W. O'Brien. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Knight & Slaton, of Hereford, and Cooper, Merrill & Lumpkin, of Amarillo, for appellant. W. H. Russell and Carl Gilliland, both of Hereford, for appellee.

GRAHAM, C. J. This is an appeal attempted from a judgment for $1,098.30 rendered in the district court of Deaf Smith county on May 19, 1911, in favor of appellee, who was plaintiff below, and against appellant, who was defendant below.

The record shows that the case went to trial on pleadings substantially as follows:

Appellee sought a recovery against appellant for $1,000, alleged to have been paid as a part of the purchase price for certain cattle purchased by appellee from appellant, and for $500 damages, alleged to have been sustained by appellee as a result of appellant having failed to furnish cattle as per agreement; appellee's pleadings being in effect to cancel the contract for sale of the cattle on allegations of fraud committed by appellant as to the condition of the cattle at the time of the sale, appellee having declined to accept them when tendered by appellent. Appellant replied, denying the allegations of fraud, set up the contract, and pleaded a tender of performance on his part and a breach of the contract by appellee in failing and refusing to accept the cattle, and alleged that the $1,000 was paid as liquidated damages in the event that appellee breached the contract, and on that ground claimed right to retain the $1,000. In a separate paragraph of appellant's pleading he alleged a decline in the market value of the cattle between the date on which appellee breached the contract, and that on which he was able to sell the cattle, aggregating $2,100, and sought to recover his damages in the event it be found that the $1,000 had not been paid to him as liquidated damages. In a supplemental petition appellee excepted to appellant's cross-action or plea in intervention, which exceptions were overruled by the court. The case was tried before a jury, and submitted to it by the court in his charge on the theory presented in appellee's petition alone as to his right to recover the $1,000; the right to recover the $500 item not having been submitted, nor were the issues raised in appellant's pleadings submitted to the jury. The judgment of the court on the verdict of the jury in no way disposed of any other issue in the case except to award the $1,000, with interest to appellee against appellant.

[1] From the foregoing statement it will be seen that issues were raised by the pleadings that were not disposed of in any way by the judgment of the court, and, as we view the matter, the judgment rendered and attempted to be appealed from is therefore not a final judgment, and this court, having appellate jurisdiction only, is not warranted in entertaining the appeal in this case and disposing of the issues sought to be raised on their merit. Jacob Linn and Wife v. C. Arambould, 55 Tex. 611; T. & P. Ry. Co. v. Ft. Worth St. Ry. Co. et al., 75 Tex. 82, 12 S. W. 977; Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061.

Because the judgment attempted to be appealed from in this case is not a final one and therefore no jurisdiction exists in this court to dispose of the appeal upon its merits, the appeal will be dismissed, with the suggestion that the trial court proceed as was indicated by the Supreme Court in the case of Linn against Arambould, supra.

The appeal will therefore be dismissed, and it is so ordered.

### Motion for Rehearing.

On February 17, 1912, in a written opinion, this court dismissed the appeal in this cause on the ground that the judgment appealed from was not a final judgment, in that all the material issues raised by the pleadings were not disposed of in the judgment appealed from. The case is now before us on appellant's motion for rehearing, wherein the correctness of our former ruling is challenged, and prayer is made for a rehearing, to set aside our former judgment, dismissing the appeal, and to dispose of the case on its merits.

[2] After a more careful investigation of the authorities, we have reached the conclusion that we were in error in our former opinion in so far as we held the judgment appealed from not a final one, and therefore the rehearing prayed for will be granted, and our former order dismissing the appeal will be set aside, and it is so ordered. Frederick Johnson v. Thomas Murphy's Administrators, 17 Tex. 216; Flippen et al. v. Dixon, 83 Tex. 421, 18 S. W. 803, 29 Am. St. Rep. 653; Hermann v. Allen, 103 Tex. 382, 128 S. W. 115. As we think a sufficient statement of the case is given in our former opinion of date February 17th above referred to, we will proceed to the discussion of the issues raised on the appeal.

[3] Under appellant's first assignment of error, contention is made that the trial court erred in permitting the plaintiff below to testify, in substance, that he purchased the cattle in controversy with the intention of shipping them to the Kansas City market as stockers and feeders; the objection to said evidence being based upon the proposition that there were not pleadings warranting the introduction of such evidence. While the pleadings do not allege that the defendant below knew the purpose for which plaintiff below was contracting for the cattle, as plaintiff below sued, not only for the thousand dollars which he had paid as part of the purchase price on the cattle, but also sued to recover damages in addition thereto, resulting from the alleged misrepresentation of defendant below and the testimony tends to show that cattle to be shipped for stockers and feeders were less valuable, if diseased than if not diseased, we are not prepared to say that the trial court erred in permitting the testimony complained of, and therefore overrule this assignment.

[4] Under appellant's second, third, and fourth assignments, complaint is made that the trial court excluded the evidence of the witness C. R. Smith, which excluded evidence would, as we view it, have tended to

show, not only that the cattle were sound on the day the delivery was tendered by appellant to appellee, but the same was certainly admissible as tending to impeach the witness Smith, he having testified on the trial of the cause below that in his judgment the cattle were afflicted with scabbies on the day the tender of delivery was made. The excluded testimony tended directly to show that on the day the tender of delivery was made C. R. Smith believed the cattle to be free of scabbies, and for these reasons we think the excluded testimony complained of in the second, third, and fourth assignments of error should have been admitted, and that the trial court erred in excluding the same.

[5] Under appellant's fifth assignment of error, complaint is made that the trial court permitted the witness Will O'Brien to testify as to the diseased condition in which the cattle were some two or three months after the tender of delivery by appellant to appellee; contention being made that this testimony was inadmissible as even tending to show the condition in which the cattle were at the time of the tender. As the expert testimony found in this record shows, as we think conclusively, that the disease in controversy will make its appearance on cattle within less than two months after an exposure we think the testimony was wrongfully admitted, and on another trial should be confined to the actual condition of the cattle at the time the sale thereof was made or delivery to have been made under the contract. Under appellant's sixth assignment of error, complaint is made that the court erred in permitting the defendant to testify over his own objection as to the time when he first discovered that the cattle were diseased, and which according to his testimony was more than two months after the tender of delivery to appellant. As this testimony had the effect of getting before the jury the proposition that the cattle were diseased after the time of delivery, and did not tend in any way to show that the cattle were diseased at the time of delivery, for the reasons given in disposing of the fifth assignment, it was also error to permit this testimony.

[6] Under appellant's seventh assignment, complaint is made that the trial court refused to allow the witness Lint Merritt to testify, in substance, that he had shipped and had inspected some of his cattle which had run with the cattle in controversy, and that they were free from scabbies and passed as clean. We think the court was correct in excluding this testimony, for the reason that, if it could be held to have in any manner tended to throw any light upon the question of the actual condition of the cattle in controversy at the time of sale or tender, it was too remote and calculated to mislead the jury.

Under appellant's eighth assignment of error, complaint is made that the trial court erred in refusing to allow the defendant below to testify in his own behalf in substance that the other cattle which were ranged and ranched with the cattle in question were shipped as clean cattle; but for the reasons given in disposing of the seventh assignment we think the trial court did not err in excluding this evidence.

[7] Under appellant's ninth assignment, complaint is made that the court erred in refusing to allow the defendant to testify while on the witness stand in his own behalf to the effect that he and the plaintiff on the day the delivery was tendered went to the depot, and that the depot agent told the plaintiff and defendant that said cattle had been examined by the cattle inspector and found to be clean cattle, and that the agent would allow them to be shipped. We think this testimony was not admissible in that so far as it tended to show what the agent had done and said it was hearsay.

[8] Under appellant's tenth assignment, complaint is made that the trial court erred in excluding certain questions and answers in the depositions of the witness R. E. Bryant; and, under appellant's eleventh assignment, complaint is made that the trial court erred in excluding certain questions and answers in the depositions of the witness Mrs. C. J. Bryant. Because of the form in which the bills of exception on which these assignments are based, there being some of the testimony mentioned therein admissible and some not admissible, we overrule the assignments.

In view of another trial, however, we state that such portion of the testimony excluded as tends to show that the witness C. R. Smith had executed and delivered a certificate showing that the cattle were clean cattle and free of disease on the day the tender was made by appellant to appellee should be admitted should the witness Smith on another trial testify as he did on the last trial that in his judgment the cattle were free of disease on the day of the tender.

[9] Under appellant's twelfth assignment, complaint is made that the trial court excluded the testimony of the witness Henry Wilson, to the effect that in his opinion the cattle were clean and free of disease on the day of the tender. The record shows that Henry Wilson testified that he had been buying and selling cattle at Hereford for about nine years, had had considerable experience in observing and inspecting cattle afflicted with scabbies, and believed that he could tell by inspecting them whether or not they were so afflicted. He also testified that he saw the cattle in controversy and while in the pens at Hereford on the day the tender was made by appellant to appellee; and that appellant proposed to prove by him that in his opinion the cattle on that day were sound and free of disease, and the testimony

was excluded. We think the trial court erred in excluding this evidence, and that the same should have been admitted. See F. W. & D. C. Ry. Co. v. Hagler, 38 Tex. Civ. App. 52, 84 S. W. 692.

[10] Under appellant's thirteenth assignment, complaint is made that the trial court erred in refusing to give in charge to the jury appellant's sixth special charge, as follows: "You are instructed at the request of defendant as follows: That if you find and believe from the evidence that the plaintiff went to Castro county to see the cattle on the defendant's ranch, and after seeing said cattle, and not relying upon any statement made by the defendant, bought said cattle from the defendant upon his own judgment of said cattle, then and in that event you will find for the defendant." We think, under the issues in this case, the trial court having failed to submit the issue presented in this special charge, it was error for the trial court to refuse this charge, as the issues therein presented were clearly raised by the evidence. Cole v. Carter, 54 S. W. 914.

[11] Under appellant's fourteenth assignment of error, complaint is made that the trial court erred in refusing to give in charge to the jury appellant's special charge No. 2, as follows: "You are instructed, at the request of the defendant, as follows: If you find and believe from the evidence that the plaintiff inspected and looked at the cattle which are alleged to have been sold to the plaintiff by the defendant, and that the plaintiff purchased said cattle on his own judgment, after examining said cattle, you will find a verdict for the defendant." We think the trial court correctly refused to give this charge for the reason that it eliminates the question of whether or not plaintiff below, appellee in this court, relied upon representations, if any, that may have been made by the appellant, and for that reason this assignment will be overruled.

[12] Under appellant's fifteenth assignment, it is contended that the trial court erred in overruling appellant's motion for a new trial on the ground that the verdict of the jury and the judgment of the court thereon is contrary to the law and the evidence, in that the uncontroverted evidence showed that the plaintiff relied solely upon his own judgment as to the character, kind, and condition of the cattle purchased, and that he did not rely upon any statements or representations made by the defendant in the sale and purchase of said cattle. We cannot concur in appellant's contention made under this assignment and, in view of the fact that the case must be again tried, we will refrain from commenting upon the testimony bearing upon this or any other issue in the case necessary to entitle the plaintiff below to a recovery.

In view of another trial, however, we call attention to the fact that appellee's pleadings are apparently based upon a right of recovery on the ground that appellant expressly warranted the cattle to be sound—that is, free from scabbies—at the time of the purchase, while the testimony introduced upon the trial before tended to show rather an expression of an opinion by appellant to the effect that the cattle were sound, and, where a breach of contract is relied upon, there having been only an opinion expressed, no recovery can be had except on allegations and proof that the party knowingly and willfully misrepresented his opinion.

For the errors pointed out, the judgment of the trial court will be reversed and the cause remanded; and it is so ordered.