McCRAY REFRIGERATOR SALES CORPORATION v. DAVIS.

No. 14064.

Court of Civil Appeals of Texas. Fort Worth.

March 29, 1940.

Rehearing Denied May 31, 1940.

Greathouse & Swanger, of Fort Worth, for appellant.

Graves & Collins, of Fort Worth, for appellee.

BROWN, Justice.

McCray Refrigerator Sales Corporation, appellant here, brought suit against appellee, M. V. Davis, in the district court on a written sales contract, and alleged that the plaintiff was duly incorporated under the laws of Indiana and secured a permit to do business in the State of Texas, which was issued for a period of ten years, and expired on August 16, 1936, and that it had paid to said state its franchise tax, which was to extend to and through April 30, 1937; that on June 25, 1936, the stockholders of said corporation met and authorized the directors and officers of the corporation to dissolve it and to transfer all of the assets of the corporation to McCray Refrigerator Company, the sole stockholder, subject to its liabilities, and to collect its assets and discharge its debts.

That the Fort Worth office of said corporation was under the management of an agent named Jack Long, and the Display Case, which was sold to Davis, was on display in the Fort Worth offices and had been inspected by Davis but had not been purchased by him until September 7, 1936, when Davis executed the contract of purchase, agreeing to pay therefor the sum of $1,263, $143 of which was paid in cash and the balance to be paid in 24 monthly instalments; that a chattel mortgage lien was retained on the personal property to secure the payment of the purchase price. It was alleged that Davis had defaulted in his payments, and judgment was sought for the unpaid principal, interest and attorney's fees, as provided for in the contract, and for foreclosure of the lien.

The defendant Davis pleaded that before and at the time the contract sued upon was executed, the plaintiff had no permit to transact and solicit business in Texas, and was therefore without legal capacity to sue, and prayed "judgment that plaintiff take nothing by his suit and that defendant go hence with his costs."

The defendant also urged a general demurrer, a special exception touching the subject matter of his plea in abatement, and a cross-action in which he sought rescission and cancellation of the contract sued upon and a recovery of all sums paid the plaintiff, with interest, because of the defective condition of the Display Case, and for certain special damages for loss of merchandise that had spoiled.

When the cause was tried to a jury, the trial court declined to pass upon the plea in abatement until the evidence was heard. The cause was submitted to the jury on special issues and the jury found: (1) that the refrigerating plant was not wholly worthless for the purpose for which it was sold, (3) that it was not capable of producing the degree of refrigeration that a refrigerator of that size and type would customarily produce, under the conditions for which it was intended, (4) that defendant did not overload the refrigerator.

No other issue was tendered by the defendant and none given by the court, except issue No. 2, which was made dependent upon the jury answering the first issue that the refrigerator was wholly worthless for the purposes for which it was sold.

After this verdict was received, the trial court rendered judgment sustaining the defendant's plea in abatement and the judgment reads: "that the cause of action of plaintiff, McCray Refrigerator Sales Corporation, be dismissed and the plaintiff take nothing against the defendant by reason of plaintiff's suit herein", and taxing all costs against the plaintiff. From this judgment the plaintiff has appealed.

The appellee urged a motion to dismiss this appeal because the defendant's cross-action was not disposed of in the judgment, and we overruled the motion without comment, and have waited for a hearing on the merits before expressing ourselves on such issue.

After the cause was lodged in this court, the plaintiff presented a motion in the trial court on November 6, 1939, urging such court to enter a judgment nunc pro tunc which would dispose of the defendant's cross-action in accordance with the judgment actually pronounced by the trial court. This was done, and appellant sought to perfect the record by bringing to us a certified copy of such orders.

We do not believe that it is necessary for us to consider such amended judgment, nor for us to attempt to pass upon the right of the trial court to amend such judgment at the time such amend-

ment was undertaken. And we do not here attempt to pass upon the rights of the defendant as affected by the amended judgment.

We shall discuss the judgment as it was first entered on July 26, 1939, and as it appears in the original transcript at pages 26 to 28, inclusive.

That judgment recites that both parties litigant presented motions for judgment after the verdict was received and filed, but that the trial court was of opinion that the defendant's plea in abatement should be sustained, and forthwith the trial court sustained such plea.

It cannot, in our opinion, be justly contended that the judgment of the trial court, dismissing the plaintiff's suit and providing that the plaintiff take nothing as against the defendant, is not a final judgment, insofar as the plaintiff's rights are concerned.

The plaintiff's suit for a recovery on its sales contract was the cause of action in which the plaintiff was interested, and, if the defendant is interested in bringing a cross-action against the plaintiff, that is a matter of his concern.

No judgment was attempted to be rendered by the trial court against the plaintiff, on the defendant's cross-action, and there was nothing for the plaintiff to appeal from except the fact that he has not had his day in court on his cause of action brought against the defendant.

The defendant acquiesced in the submission of several issues touching upon his cross-action. These were answered by the jury. The judgment recites that both parties moved for judgment.

We are of opinion that the cross-action was disposed of by the trial court. See 3 Tex.Jur., para. 58, page 122, and authorities under Note 16.

The defendant was not entitled to a judgment in his favor on the verdict, and having moved for judgment, we hold that the trial court's judgment, by implication, disposed of the cross-action.

Furthermore, the defendant relied solely upon the theory that the refrigerator was wholly worthless, and the agreed statement of facts discloses that no effort was made to sustain such theory, and no evidence was introduced which even tended to show a cause of action for damages under the rule of reducing the plaintiff's recovery pro tanto. See

same text and para. and authorities under Note 14.

Furthermore, we call attention to the fact that the trial court rendered judgment: "that the cause of action of plaintiff * * * be dismissed and the plaintiff take nothing against the defendant by reason of plaintiff's suit herein."

This was a judgment for the defendant and assuredly disposed of the defendant's cross-action by implication.

The same text asserts: "A judgment that determines in defendant's favor one of two rights claimed by him, but not mentioning the other, is in effect a denial of the latter." The text cites Hermann v. Allen, 103 Tex. 382, 384, 128 S.W. 115, Flippen v. Dixon, 83 Tex. 421, 423, 18 S.W. 803, 29 Am.St. Rep. 653.

The motion to dismiss, predicated upon the theory that the judgment appealed from is not a final judgment, is not well taken.

It is agreed that the allegations of the plaintiff's petition touching its permit, its payment of the franchise tax and its dissolution and liquidation of its affairs are true.

Article 1532, R.C.S., specifically provides that when a foreign corporation has obtained a permit to do business in Texas under the provisions of Art. 1529, R. C.S., such corporation "shall have and enjoy all the rights and privileges conferred by the laws of this State on corporations organized under the laws of this State."

Under Art. 1388, R.C.S., it is expressly provided that when a corporation is dissolved, unless a receiver is appointed by some court, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; *and for this purpose they may in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all*

*debts, compromise controversies, maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property.* (Italics ours.)

We take it that the statute gives the right to sell and convey the property of such a corporation "in the name of such corporation", and by the same token, the suit may be maintained "in the name of such corporation".

Appellant cites us to the only reported Texas case that seems to be "on all fours" with the instant suit: that of Wren v. Stanton Mercantile Co., 140 S. W. 1145. We believe that the late Justice Fly (of the Court of Civil Appeals, San Antonio District) has fairly and justly dealt with a situation in that case that announces principles on which a proper disposition of the case before us depends.

It was agreed that a balance of $793.38 was unpaid by Davis on August 23, 1937, and that he refused to make any payments after that date; that the debt bears interest at 6 per cent, and the contract provides for 15 per cent attorney's fees.

From what we have said, it follows that the judgment of the trial court should be reversed and judgment here rendered for the appellant.

Judgment of the trial court is reversed and judgment rendered for appellant in the sum of $793.38, with 6 per cent interest on such sum from August 23, 1937, to July 26, 1939, and for 15 per cent of such sum as attorney's fees, and for foreclosure of its chattel mortgage lien.