Felix J. CURRIE et ux., Appellants,

v.

MOHASCO INDUSTRIES, INC., et al., Appellees.

No. 14198.

Court of Civil Appeals of Texas.

Houston.

Oct. 17, 1963.

Schmidt, Garrett & Hensley; Robert Q. Edmiston, Houston, for appellants.

Ungerman, Hill, Ungerman & Angrist, Dallas, Steeger, Dohoney, Jones & Caldwell, J. Daffan Caldwell, Houston, for appellees.

WERLEIN, Justice.

Appellants appeal from the order of the trial court sustaining the pleas of privilege of appellees, Mohasco Industries, Inc., d/b/a Mohawk Carpet Mills Division and Shawnee Southwest, Inc., and transferring the cause as to the appellees to the County Court at Law No. 2, Dallas County, Texas.

The suit was brought in Harris County by Suniland Furniture Company against appellants herein, Felix J. Currie and wife, to recover an alleged balance owing said company by appellants on the purchase price of some 54 square yards of Mohawk carpeting. Appellants filed their answer and a cross-action as cross-plaintiffs and third-party plaintiffs against Suniland Furniture Company, Mohawk Carpet Mills, Shawnee Southwest, Inc., a corporation, and Turko-Persian Carpet Service. Cross-defendants, Suniland and Turko-Persian, both residents of Harris County, Texas, filed a joint answer, and Shawnee Southwest, Inc. filed its plea of privilege in proper form showing its residence and domicile to be in Dallas County, Texas. Mohasco Industries, Inc., a corporation, d/b/a Mohawk Carpet Mills Division, a corporation, also filed its plea of privilege to be sued in Dallas County. It also alleged that it was not incorporated as alleged by cross-plaintiffs, but that Mohasco Industries, Inc., a corporation, which operates and does business as Mohawk Carpeting Mills Division, is a New York corporation, which is operating and doing business in Texas under a permit or certificate of authority issued by the Secretary of State of Texas.

Thereafter, appellants filed an amended controverting plea, in which appellants alleged under oath that all the allegations in their petition filed October 26, 1962 (presumably their cross-action and third-party petition filed October 25, 1962) were true and correct, and in which appellants also adopted the allegations in their "Controverting Plea of Privilege" controverting the plea of privilege of Mohasco Industries, Inc., which controverting plea, however, is not a part of the record before us. In such amended controverting plea, appellants set out specifically the provisions of Exceptions 4, 5, 23 and 29a to Article 1995, Vernon's Annotated Texas Statutes.

■ Appellants assert that under Subd. 4 of Art. 1995, V.A.T.S., they established their right to maintain their cause of action in Harris County against appellees, since they pled and proved a joint cause of action against Suniland and appellees. The law is well settled that it is not necessary for a plaintiff to plead and prove a cause of action against the non-resident defendant under Subd. 4 of Art. 1995, V.A.T.S., but it is sufficient if the plaintiff alleges a joint cause of action against the resident and non-resident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid multiplicity of suits. Stockyards Nat. Bank v. Maples, 1936, 127 Tex. 633, 95 S.W.2d 1300.

■ It is necessary, however, for the plaintiff, in order to maintain venue as to the non-resident defendant, to both allege and prove a cause of action against the resident defendant. In the instant case, the cause of action, if any, as alleged or proved against Turko-Persian Carpet Service cannot have any bearing on the issue of venue as to appellees, because appellees are not alleged or shown to be connected in any way with such alleged cause of action, and hence are not necessary or proper parties thereto. It, therefore, devolved upon appellants, in order to sustain venue in Harris County as to appellees, under Subd. 4 of Art. 1995, V.A.T.S., to allege and prove a cause of action against Suniland Furniture Company. Harris v. Cleveland, Tex.Civ. App., 294 S.W.2d 235, error dism.

In their cross-action appellants alleged that Suniland, Shawnee Southwest, Inc., and Mohawk Carpet Mills, through their representations and advertisements, induced appellants to purchase the carpet; that they advertised and represented the carpet to be a fine carpet with fine body, texture and sheen which would withstand much hard wear and usage and would not stain or become soiled easily, and which would be easily cleaned without damage to the sheen, body or color of said carpet, and that it could be repeatedly cleaned while still re-

taining its original luster, body and color; and that notwithstanding the representations, assertions and advertising of the defendants, the carpet soiled easily and did not clean easily but left streaks and spots.

The evidence fails to disclose that Mr. Keith, the salesman representing Suniland in the sale of the carpet and the only one who is charged with making any representations, ever made any such statements to appellant, Mr. Currie. Mr. Currie testified that Mr. Keith, when told that appellants wanted to buy a carpet, said: "Well, this is a good carpet here * * * You can't buy a better carpet at any price * * It will last for years. Your wife can clean it * * * I have the same thing in my house * * * We have had it for five years and we have never had it cleaned * * *" Mr. Currie further testified that he had never heard the name "Shawnee Southwest Carpet Company" but had heard of Mohawk, and that he had never had any discussion with anyone from Mohawk Carpeting Company or Shawnee Southwest before he had the carpet cleaned by Turko-Persian.

Mrs. Currie testified that before going to Suniland she and her husband had considered several brands and Mohawk was one of them. When she went to Suniland she just picked out the color that she wanted. She further testified that Mr. Keith did not advise her or give her any brochure concerning cleaning procedures on the carpet but merely said it could be cleaned; that she used a vacuum cleaner on the carpet and noticed that where they frequently walked over the carpet it was becoming a little soiled, so she tried to clean it with Bissell Cleaner, and that it streaked the carpet over about a five foot square area where she cleaned it; that when she found it was dull and streaked she called Mr. Keith, who recommended the Turko-Persian Company as reliable, and that she had such company clean the whole carpet, after which it was dull all over and the sheen was gone, and there were dark and light spots on it.

Mrs. Currie also testified that she believed she was sure the carpet was Mohawk, but it had been a long time and she didn't remember whether she observed any Mohawk label on it—she really didn't remember; that Mr. Keith told her that she couldn't get a better carpet for the price, and that it would maintain its sheen after it had been on the floor for five years, that he had one on his floor just like it. She further testified that the carpet had not shrunk or come apart at the seams but had just lost its sheen and wasn't the same color she bought, and was too excessively faded after it had been cleaned.

Prior to the time she had Turko-Persian clean the rug she didn't have any discussion with any representative of Mohawk and her only conversation up to that point was with Mr. Keith and she didn't know whether she had ever heard of Shawnee Southwest—just Mohawk—the name "Mohawk" was all that she could ever think of regarding carpeting; that she had read a lot of things and may have read about Mohawk but didn't recall if she did, and that she couldn't tell what specific ad she had read on the subject, but had looked at different stores, and that Joske's of Houston had Mohawk, and she had always seen ads of Mohawk but didn't know where. There is no evidence as to what any of such advertisements may have represented with respect to the carpet, other than the statement of Mr. Currie that his wife looked around, "and we had saw in the newspapers and magazines where Mohawk was good carpet and would last * * *"

We are of the opinion that appellants failed to allege and prove a cause of action against Suniland and hence venue as to appellees could not be maintained in Harris County under Subd. 4 of Art. 1995, V.A.T.S. It is clear that the statements of Mr. Keith relative to the future wear of the carpet were mere expressions of opinion based upon his own experience and ownership for some five years of a similar carpet.

There is no pleading or proof that Mr. Keith had expressed an opinion that he did not honestly entertain or that he had dishonestly made any representation for the purpose of deceiving appellants. O'Brien v. Von Lienen, Tex.Civ.App., 149 S.W. 723; Starnes v. Motsinger, Tex.Civ.App.1926, 278 S.W. 496

Appellants failed to plead and prove a prima facie cause of action against appellees arising in whole or in part in Harris County, or for that matter anywhere else, and therefore the trial court properly refused to maintain venue as to appellees in Harris County under Subd. 23 of Art. 1995, V.A.T.S. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605; Pan American Insurance Company v. White, Tex.Civ.App.1959, 321 S.W.2d 337.

Furthermore, in the absence of anything in the record to the contrary, this Court will presume that the trial court found the facts necessary to support its order sustaining appellees' pleas of privilege. Quinn v. Dupree, 1957, 157 Tex. 441, 303 S.W.2d 769; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Greenway Parks Home Owners Ass'n v. City of Dallas, 1958, 159 Tex. 46, 312 S. W.2d 235, 316 S.W.2d 74; 4 Tex.Jur.2d, p. 329, Appeal and Error, § 806.

Appellants' contention that venue as to appellees should have been retained in Harris County under Subd. 5 of Art. 1995, V.A.T.S., is without merit. There is no evidence whatever of any contract in writing between appellants and appellees. Equally without merit is their contention that venue should have been retained in Harris County under Subd. 29a of Art. 1995. Appellees were not necessary parties to appellants' alleged cause of action against either Suniland or Turko-Persian. Moreover, venue cannot be maintained under Subd. 29a of Art. 1995 in the county where suit is brought, if any defendant in the suit is a resident of such county. Lad-

ner v. Reliance Corporation ,1956, 156 Tex. 158, 293 S.W. 758; Tarrant v. Walker, 1942, 140 Tex. 249, 166 S.W.2d 900; Lake v. Reid, Tex.Civ.App.1952, 252 S.W.2d 978.

Judgment of the trial court affirmed.